W. & J. SIMONTON v. STEELE.

1. The consideration of a note made by S. and payable to W. & J. S. was, the transfer of two notes and an account, due from E., to whom S. was indebted.
2. It was agreed between S. and W. & J. S., that if the notes transferred could not be used by S. as a set-off against E., the same should be returned to W. & J. S. and the note of S. given up. S. was unable to use the notes and account transferred to him, in the manner contemplated. *Held*, in an action by W. & J. S. against S., that this contract could be proved by parol, and that it did not vary the contract evidenced by the note. *Held, also*, that if the notes, &c., were returned or offered to W. & J. S., after it was ascertained that they could not be used, this made a good defence to the action.

Writ of error to the Circuit Court of Tuscaloosa County.

ASSUMPSIT on a promissory note.   Pleas. non assumpsit, payment, and set-off.   Verdict and judgment for the defendant.

The Circuit Court allowed the defendant to give evidence to the jury to prove the consideration of the note sued, to be the transfer of two notes and an account, due from one Ellege. It was agreed between the plaintiffs and the defendant, when the note was given, that if the latter could not use the notes and account transferred, as a set-off against Ellege, to whom he was

indebted, the same should be returned to the plaintiffs, and the note given up. The notes and account were not, nor could be used, and Ellege was insolvent.

L. CLARK, for the plaintiffs in error, with whom was Peck, argued that the evidence given, contradicted the contract shown by the note. This shows an agreement to pay absolutely on a day certain, and is not dependant on a contingency. The evidence given to the jury, shews that the contract was to be absolute, only if the notes were used. (1. John. Rep. 139; 11 ib. 201; 1 Cowan, 249; 5 ib. 144; 10 B. & C., 729; 8 Taunt. 92; 3 B. & A., 333.)

JOSHUA L. MARTIN, contra.

GOLDTHWAITE, J.—The bill of exceptions does not disclose any offer to return the notes and account, previous to the maturity of the note given for them, or previous to the institution of this suit; but no question is raised here on this point of the case, and we presume, from the silence of the bill of exceptions, that none was raised in the Circuit Court.

The principle contended for by the counsel of the plaintiffs in error, as governing the case, in our opinion, has no application to it, because the evidence admitted, only shows what was the contract of the parties, and does not vary from, or contradict, the note. If the note alone was before the jury, it would be impossible for them to derive any information from it, except that on a particular day, a certain sum of money was to be paid by the defendant to the plaintiffs. Indeed, the *contract* of the parties, is not evidenced by the note; that only determines *when* the money is to be paid, but leaves us entirely ignorant of the *consideration*, for which it was given, and of most of the terms by which the contract was to be governed. It may be admitted the defendant would not be allowed by the rules of law, to show that he was to pay a less sum, or at a different time, but the evidence before the jury, did not, nor could have such an effect. It was necessary to ascertain what was the contract between the parties, before any judgment could be pro-

nounced upon the legal effect; the facts disclosed shew that when the notes and account were transferred, it was agreed, if they could not be used in a specified manner, they should be returned to the plaintiff, and the contract rescinded. This certainly has not the effect in any manner, to contradict the note. As soon, therefore as the notes and account were offered to be returned, after it was ascertained they could not be used for the purpose agreed on, the contract was discharged or rescinded, and the note sued on ought to have been given up or cancelled.

There is no error in the judgment, and it is affirmed.