## RANDALL B. SWEET v. GRANVILLE S. STEVENS.

Parol evidence cannot be admitted, even between the original parties to a note, check, or other written instrument, to alter or vary, or to attach a condition to, the written instrument, the execution of which has been completed by delivery; but it is admissible for the purpose of showing that the note, check, or other instrument was inchoate merely, and was delivered as an escrow to a third person, or to the party who by its tenor was to have it, in the nature of an escrow, and was not to be delivered, or to be deemed to be delivered, until the performance of a certain condition, or the happening of a certain contingency.

The defendant owed B. N. M. about sixty dollars by account, and the plaintiff was a creditor of B. N. M., by note, for about the same amount, and B. N. M. having stopped payment, the defendant handed his check on a bank to the plaintiff for forty-five dollars, payable ahead, and received from the plaintiff the note against B. N. M., endorsed without recourse, under an agreement, that if

Sweet *v.* Stevens.

the defendant could procure B. N. M., without suit, to set off the account against the note, the plaintiff was to present the check for payment and discharge the defendant from an account for thirteen dollars due from him to the plaintiff; otherwise, to return the check and receive back the note. B. N. M. refused to make the set-off, whereupon, the defendant demanded his check and tendered the note to the plaintiff, and upon the plaintiff's refusal to comply with his agreement, stopped the payment of the check. In an action on the check, it was *held*, that these facts might be proved by oral evidence, and were a good defence to the action; the proof showing that the check had been delivered to the plaintiff, not absolutely, but in the nature of an *escrow.*

ASSUMPSIT upon a check drawn by the defendant on the 25th day of June, 1862, upon the High Street Bank, in Providence, requesting said bank to pay to the plaintiff, or order, on the 12th day of July, 1862, the sum of forty-five dollars, which check the bank refused to pay, of which the defendant, on the same day, had notice, &c.

The action was commenced in the Court of Magistrates, in the City of Providence, in which court the defendant submitted to judgment, and appealed therefrom to the Court of Common Pleas for the county of Providence. At the trial of the case, under the general issue, at the December term of said Court of Common Pleas, 1862, the defendant, in support of the issue, on his part, testified, that he received for the check a note of one B. N. Mathewson, for $57.50, dated September 30th, 1861, and payable four months after date to the plaintiff or order, and by him endorsed "without recourse," and was to have a receipt for thirteen dollars due from him to the plaintiff. Upon being asked by his counsel, if there was a bargain or contract between him and the plaintiff as to taking the note against Mathewson and giving his check therefor, the counsel for the plaintiff objected to the question; but the court ruling in the evidence *de bene*, the plaintiff excepted. The defendant, in answer to the question, swore, that one day in June, 1862, a man came into his office, whom he did not know, and giving his name as Randall B. Sweet, told him that he knew him well by sight, was a member of the same church, and wanted to know if he would do him a favor? He then asked the defendant, if he was owing B. N. Mathewson anything. The defendant replied that he was, but that Mathewson had presented to him no bill. The plaintiff asked, how much? The defendant replied, he supposed about

sixty dollars. The plaintiff then said, that Mathewson had sold out, and he held a note against him, which was good for nothing to him, and if the defendant would take the note of him, he could offset it against Mathewson's claim upon him, and he, the plaintiff, was willing to divide the spoil, and would be very thankful. The defendant replied to this, that he did not shave notes, and did not believe that he could turn the note against the account. The plaintiff said, that there was no kind of doubt but that Mathewson would accept the note and release the account. Upon the defendant's requesting him to consult a lawyer and see if this could be done, the plaintiff promised that he would, and a few days after came and said that he had, and that Mathewson could not get away from it, and would be obliged to offset it. The defendant then told the plaintiff, that he was careful about lawsuits, and wished him distinctly to understand, that he wished no trouble with Mathewson, and asked the plaintiff, why he did not sue the note? to which the plaintiff replied, that Mathewson was worth nothing, and it would be of no use. The defendant then told the plaintiff, that in case Mathewson should refuse to receive or accept the note, he, the defendant, should have trouble, and could do no better than the plaintiff, and proposed to him to give him a check for forty-five dollars, payable in so many days, that he might have time to fall in with Mathewson, and see if he would accept the note; and if he would, the plaintiff was to release the defendant from an account of thirteen dollars which he held against him, and the defendant was to pay his check; but if Mathewson refused to accept the note, then the plaintiff to return the check and take back his note, as the defendant would not enter into a lawsuit. To this proposition the plaintiff agreed, and the papers were exchanged in accordance with this agreement. A few days after, and before the check was payable, the defendant saw Mathewson, who presented his account, and refused to make any such set-off as was proposed; whereupon, the defendant gave notice to the plaintiff, and desired him to give up the check and take back the note, as agreed; which the plaintiff refusing to do, the defendant stopped the payment of the check, at the bank on which it was drawn. This testimony of the defendant not being affected by his cross examination, or the

evidence of any other witness, the plaintiff's counsel then re-
quested the court to rule out the defendant's testimony as illegal
and incompetent; but the court refused to do so, and charged the
jury, that the evidence was legal and proper for their considera-
tion, and if they believed it, went to show a failure of consideration.

To this ruling, refusal to rule, and instruction to the jury, the
plaintiff excepted, and now brought his exceptions to this court
for their action upon the errors of law therein.

It appeared that the promissory note of the plaintiff was pro-
duced in court by the defendant, and there impounded for the
use of the plaintiff.

*B. N. and S. S. Lapham, for the plaintiff :—*

Parol testimony cannot be introduced to contradict or vary the
terms of the check, as it is a written instrument, in such terms
as implies a legal obligation, without any uncertainty as to the
object or extent of the engagement of the defendant.   1 Greenleaf
on Evidence, § 275; Edwards on Bills and Promissory Notes,
313–315; *Payne* v. *Ladue,* 1 Hill, 116.   The contract and con-
sideration were, at the time of the making of the contract, per-
fect; the defendant having received, in consideration of his
check, a discharge from a debt of about $13, due from him to
the plaintiff, and B. N. Mathewson's note for $57.50, payable to
the order of the plaintiff, and by him endorsed and delivered to
the defendant.   The evidence does not show a failure of consid-
eration, but a parol contemporaneous agreement, tending to prove
that an absolute written agreement for the payment of money was
to be void upon the happening of a certain contingency, viz., the
refusal of B. N. Mathewson to accept his own note in set off to
the debt due from him to the defendant.   *Erwin* v. *Saunders,* 1
Cowen, 249; Edwards on Bills and Promissory Notes, 313, 315;
*Spring* v. *Lovett,* 11 Pick. 417; *Ely* v. *Killon,* 5 Denio, 514;
*Farnham* v. *Ingham,* 5 Verm. 114.   Nothing less than a total
failure of consideration can be shown in bar of a recovery in this
case.   If any part of the consideration was good, the plaintiff was
entitled to recover that amount.   Edwards on Bills and Promis-
sory Notes, 328, 329, 333; Byles on Bills, (2d Am. ed.) 531,
and cases cited; *Parish* v. *Stone,* 14 Pick. 198, 208, 211;
2 Greenleaf on Evidence, (7th ed.) 139, n. 1, and cases cited,

- (where the whole question is discussed, and authorities cited.) The charge to the jury, that the evidence went to show a failure of consideration, was wrong, as the evidence, if it showed any, showed only a partial failure of consideration.

*Markland, for the defendant :—*

The rule as to the admissibility of parol evidence, stated by the other side, does not exclude the inquiry · whether the consideration for this check had failed, and that was the only purpose for which the evidence was offered and admitted. Byles on Bills, (4th Am. ed.) 193, 197, and notes ; Story on Bills, §§ 184, 187 ; Edwards on Bills, 313, 315. It is erroneous to suppose that the evidence varies or contradicts the check. On the contrary, it admits the check in all its terms, but shows a reason for avoiding it, namely, the failure of the consideration ; and in this respect the evidence is legally sufficient. Story on Bills, §§ 184, 187 ; Edwards on Bills, 328, 329, 335 ; 1 Parsons on Contracts, 386 ; *Pike* v. *Street,* 1 Moody & Malk.· 226 ; *Barlow* v. *Fleming,* 6 Ala. 146 ; *Rice* v. *Goddard,* 14 Pick. 293 ; *Stone* v. *Fowle,* 22 Ib. 166 ; Byles on Bills, (4th Am. ed,) 169, and notes ; *Adams* v. *McGrew,* 2 Ala. 675 ; *McDonald* v. *Harrison,* 12 Missouri, 447. The failure of the consideration was total. The defendant was not, in fact, discharged from the claim of $13. Such discharge depended upon the assent of Mathewson to the proposed set-off, which was refused. ⁻

BULLOCK, J. The only question in this case is, whether the parol testimony, offered by the defendant in bar of the plaintiff's action, is admissible under the rules of evidence.

No oral declarations or agreements, made between the parties to a written contract, are admissible, to contradict or vary the terms of such contract. The law presumes the written engagement to be *the* contract of the parties, and to embrace all the terms and stipulations deemed material by either at the time of its execution. And hence the whole current of authorities is, that in an'· action upon a note, check, or bill of exchange, for the payment of money absolutely, and which has been fully executed and delivered by the original parties thereto, it is not competent to show by parol, that such note, check, or bill of exchange was not to be paid except upon a contingency which has not happened,

or upon a condition which has not been performed. *Rawson* v. *Walker*, 1 Starkie's Rep. 361; *Free* v. *Hawkins*, 8 Taunt. 92; *Hoare* v. *Graham*, 3 Campb. 57; *Mosely* v. *Hanford*, 10 B. & C. 729, (21 Eng. C. L.); *Woodbridge* v. *Spooner*, 1 Chit. Rep. 661, (18 E. C. L. 195); *Foster* v. *Jolly*, 1 Crompt. Mees. & Rosc. 708; *Adams* v. *Wordley*, 1 Mees, & Welsb. 374; *Rose* v. *Leonard*, 14 Mass. 153; *Lapham* v. *Whipple*, 8 Met. 59; *St Louis Perp. Ins. Co.* v. *Homer*, 9 Met. 39; *Underwood* v. *Simonds*, 12 Met. 275; *Adam's administrator* v. *Wilson*, Ib. 138; *Hanchet* v. *Birge*, Ib. 545. In *Brigham* v. *Rogers*, 17 Mass. 574, this rule excluded evidence, offered by the tenant, to show that the landlord, at and before the execution of the lease, orally agreed to make certain repairs; and in *Billings* v. *Billings*, 10 Cush. 178, that a note was intended to operate as a receipt. The mode of preserving the condition or defeasance is, to incorporate it into the written contract, or to cause the writing to be executed and delivered in *escrow*. *Free* v. *Hawkins* and *Foster* v. *Jolly*, before cited. If, therefore, the check sued upon has taken effect by an actual, absolute, and legal delivery to the plaintiff, so that the defendant had no right to recall it, and being in terms payable without condition, oral testimony is offered to show that it was to be paid upon conditions, such evidence varies the terms of the written instrument, and is clearly inadmissible.

It is, however, competent to show by parol the circumstances under which the written contract was made, as that it was in pursuance of some general purpose, and what that purpose was. 3 Starkie on Evd. 1047, 1048. And so in *Hubbard* v. *Barker, executrix*, 1 Allen, 99, which was a suit by a grandchild against her grandmother's executrix, to recover a note given to the child by the testatrix, the plaintiff was permitted to show, by parol, the manner or plan by which the testatrix distributed her estate, and that the note was given in pursuance of, and as a part of, such plan.

The question here is not a question touching the consideration of a check, a want or failure of which, between the original parties, may be shown; neither is it, upon the facts stated, a question, whether parol evidence may be offered to vary or change

an absolute written promise into a conditional one; but, rather, whether it is competent to show, by parol, that such written promise grew out of an oral agreement or negotiation, which agreement was inchoate and unexecuted in fact by either party, and by the express terms of which the written instrument was not to be regarded as *obligatory*, but its operation and efficacy suspended until the happening of an event then *in futuro.* In such a case, the rule which presumes the written instrument to embody the entire contract and all its stipulations, does not apply. The oral evidence is offered, not to contradict or vary the written, but admitting, seeks to avoid it by showing that, as an entire and independent agreement, it has no present legal effect. 3 Starkie on Evd. 1049. And hence, while in *Brigham* v. *Rogers, supra*, parol evidence, to show that the landlord agreed to make repairs not stipulated for in the lease, was rejected, in *Davis* v. *Jones et al.* 17 C. B. 625, (84 Eng. C. L. 625, 633, 634,) it was admitted, to show that the written agreement was not to take effect, but was to remain inoperative, and no rent was to accrue until certain repairs were made. An agreement, although reduced to writing and signed, is not necessarily operative from its apparent delivery, even if there be nothing upon its face to show that its operation is suspended. Its actual and complete delivery, in intent, may be made to depend upon some event thereafter to happen. In the meanwhile, the agreement may rest formally *in escrow*, in the hands of a third person, or it may be delivered to the party himself in the nature of an escrow, the intervention of a third person not being absolutely necessary to make the transfer, in effect, conditional. *Marston* v. *Allen*, 8 Mees. & Welsb. 494. In *Simontons* v. *Steele*, 1 Ala. 357, the defendant offered to show that the consideration of the note sued upon was the transfer to him of two notes and an account, due from one Ellege, whom the defendant owed; and that when he gave the note sued upon, the plaintiffs agreed that if he could not use the Ellege notes and account in set-off, he might return them and receive back his own note. The plaintiffs objected to the admission of this testimony, as attaching a condition to the note by *parol.* The court, however, admitted the evidence, and upon the ground that it did not fall within the rule of parol offered to contradict

written evidence ; that it did not tend to alter or vary the terms of the note, but admitting them, went to show that the instrument sued upon was not, in any manner, obligatory or binding upon the defendant at the time the action was brought.

The presumption, of. course, is, nothing appearing to the contrary, that the written instrument is to take effect from its delivery ; but this presumption may be rebutted by testimony, oral or written, which goes to show that the contract was yet in embryo, or that no complete delivery was intended, and that no interest passed. *Murray*, &c., v. *Earl of Stair*, 2 Barn. & Cres. 82, (9 Eng. C. L. 33) ; *Marston* v. *Allen*, *supra ;* *Bell* v. *Viscount Ingestre*, 12 A. & E. 317, (64 Eng. C. L. 317). The true distinction seems to be, that while you cannot, by parol, show that a note, check, or bill, absolute upon its face and once fully executed and delivered, is, in a certain event, to become void, or is not to be paid or performed in the mode its terms import, you may, as between the original parties, show that such note, bill or check was not to operate as such but in a certain event thereafter to happen,—the obligatory nature of the instrument being made to depend upon the happening of this event, the obligation itself meanwhile remaining suspended. In such a case, the delivery of the written instrument is in the nature of a delivery *in escrow*. *Wallis* v. *Littell*, 5 Law Times. Rep. 489–490 ; *Pym* v. *Campbell*, 25 Law J. Rep. 277.

The evidence, objected to, was offered to show that the plaintiff and defendant contemplated a trade, by the terms of which the defendant was to give $45 for the Mathewson note and his own debt of $13, if he could use the Mathewson note in set-off. If he could not so use the note, he did not propose to buy it. He received the note into his possession for the purpose of ascertaining this fact. It was endorsed by the plaintiff to enable the defendant to use it, if Mathewson would receive it. If Mathewson would not receive it, the defendant was to return it. The defendant acquired no present title under the endorsement, because there was no complete and absolute delivery of the note made, or intended to be made. Upon thus receiving the note, the defendant gives his check to the plaintiff, with the express understanding, that the plaintiff was to return it if the defendant could not

use the note. Hence the check was post-dated. It was in the nature of a *memorandum*-check. It vested no present authority in the plaintiff, to demand or receive the money ; neither was it intended to. And this view of the transaction is confirmed by the fact that the plaintiff did not receipt his bill against the defendant, thus showing that he did not regard the trade as completed.

We think the evidence does not fall within the rule, of parol testimony offered to vary or contradict a valid written agreement, and, upon the facts stated in the bill of exceptions, was admissible.

As the defendant has impounded, in court, the Mathewson note for the plaintiff's use, the plaintiff's exceptions are over-ruled, and judgment will be entered in the Court of Common Pleas upon the verdict.