HARRIS LOPATO vs. LOUIS HAYMAN.

NOVEMBER 19, 1920.

PRESENT: Sweetland, C. J., Vincent, Stearns, and Sweeney, JJ.

(1)  *Bills and Notes.  Note Delivered Conditionally.  Evidence.*

Testimony tending to prove that a promissory note was delivered without consideration, and conditionally and for a special purpose only is admissible under Gen. Laws, 1909, cap. 200, § 22, as between the immediate parties.

ASSUMPSIT.  Heard on exceptions of plaintiff and overruled.

SWEENEY, J.  This is an action of assumpsit brought upon a promissory note, by the payee against the maker.

After a trial in the Superior Court the jury returned a verdict for the defendant, and the plaintiff duly filed a motion for a new trial, alleging as reasons therefor the usual grounds.  After a hearing upon this motion it was denied by the trial justice and the plaintiff then duly prosecuted his bill of exceptions to this court.

The plaintiff proved his case by producing the note and then the defendant introduced testimony tending to prove that the note was given without consideration and also that it was delivered conditionally and for a special purpose only. Against the plaintiff's objection the defendant was permitted to introduce testimony showing that in 1915 he became engaged to marry the daughter of the plaintiff, and the plaintiff then said that he would make a wedding present to his daughter of five hundred dollars; that plaintiff and defendant then went to a bank in Boston and there the plaintiff transferred to a new account, opened in the name of his daughter and the defendant, five hundred dollars; that about two weeks afterwards the defendant told the plaintiff that he was about to withdraw the five hundred dollars from the bank and the plaintiff objected to this because something might happen which would prevent the defendant from marrying plaintiff's daughter and said that he wanted some security for the money, and the defendant.

replied that he would give plaintiff a note as security. The plaintiff agreed to this proposal and the defendant signed and delivered the note in suit. At the same time the defendant withdrew the money in the bank, which was the joint account of the daughter and himself, and surrendered the book, and shortly afterwards he married the plaintiff's daughter. The day after the wedding the defendant asked the plaintiff for the note and the plaintiff replied that he had torn it up. Defendant further testified that he did not receive any money from the plaintiff on the day the note was signed, and that he never received any money excepting the five hundred dollars as above stated. The plaintiff testified that he paid the defendant five hundred dollars at the time that the defendant signed and delivered the note; and denied that he made any present of five hundred dollars to his daughter and defendant, and he also denied that the day after the wedding the defendant asked him for the note.

(1) The plaintiff objects to the admission of defendant's testimony on the ground that parol evidence cannot be received to contradict, alter or vary a written obligation. The defendant's testimony was admissible under the provision of Section 22, Chapter 200, General Laws of 1909, relating to negotiable instruments, which provides, among other things, that "between immediate parties" "the delivery may be shown to have been conditional, or for a special purpose only, and not for the purpose of transferring the property in the instrument." Section 34 of said Chapter 200 provides that "Absence or failure of consideration is a matter of defense as against any person not a holder in due course;". Said Section 22 has been construed to be sufficiently broad to permit a defendant (the maker of a note) to show as against the plaintiff (the payee) lack of consideration for the note and also to show that it was not intended by the parties that the property in the note was to be transferred by its delivery to the plaintiff (the payee). *Lee* v. *Benjamin,* 40 R. I. 567.

The respective claims of the plaintiff and defendant are well stated in the case of *Hill* v. *Hall*, 191 Mass., at page 265, wherein the court says: "The defendants rely upon the well settled doctrine that it is not competent for the maker of a note to show that he gave it on the oral understanding that he was to be held for payment only upon the happening of some future contingency. That is, he cannot by oral testimony contradict the written agreement which, for a valid consideration, he has executed and delivered. But it never has been doubted that when the question arises between the original parties it may be shown that a promissory note was given without consideration. And it is a question of fact whether any written agreement, though in the possession of the obligee, has been delivered by the obligor as a binding agreement, or whether any delivery that has been made is conditional only." Brannan's Negotiable Instruments Law, in a note to Section 16, on page 61, states that "evidence of a contemporaneous oral agreement is admissible as against parties not holders in due course to show that the instrument was not to take effect until some condition was performed," and many cases are cited to support this proposition. In *Storey* v. *Storey*, 214 Fed. Rep., page 975, it is stated that the section of the Negotiable Instruments Act in question is merely a codification of the general law in that respect as established by preponderant and sound authority. See also 8 C. J., Sec. 336, p. 205; Sec. 1015, p. 737.

The law being as above stated, the exceptions taken by the plaintiff to the admission of the defendant's testimony are untenable, and are overruled.

The first exception of the plaintiff is to the refusal of the court to submit to the jury his request for six special findings. An examination of the special findings submitted shows that the first and second would be determined by the jury in their general verdict; the third and fourth related to matters not in dispute and the fifth and sixth related to irrelevant issues. The court is of the opinion that there was

no error in the action of the trial court in refusing to permit the special findings to be submitted to the jury.

The second exception is to the refusal of the court to charge the jury as requested by the plaintiff. The request to instruct the jury to return a verdict for the plaintiff was properly denied as there was conflicting testimony in the case, and the other three requests to instruct the jury related to matters not in issue in the case and were correctly rejected.

The fourth exception is to portions of the charge of the court. The charge is a clear and concise statement of the claims of the respective parties, with a general reference to the testimony bearing upon these claims and a correct statement of the law applicable thereto, and there is no merit in this exception.

The twenty-eight, and last exception, is to the denial of plaintiff's motion for a new trial. The evidence bearing upon the simple issues in the case was conflicting, and the jury decided the issues in favor of the defendant. After a hearing the trial court sustained their finding, and as there is abundant testimony to sustain the verdict, this exception is overruled. *Wilcox* v. *R. I. Co.*, 29 R. I. 292.

All of the plaintiff's exceptions are overruled and the case is remitted to the Superior Court with direction to enter judgment for the defendant upon the verdict.

*Edward C. Stiness, Daniel H. Morrissey, Samuel Brenner,* for plaintiff.

*McGovern & Slattery,* for defendant.