[No. 33269. Department Two. December 29, 1955.]

ALBERT V. RAVENHOLT et al., *Appellants*, v. LOUISE L. HALLOWELL, *Respondent*.[1]

[1] Reported in 291 P. (2d) 653.

*Barker & Day* and *William J. Walsh, Jr.*, for appellants.

*Lady Willie Forbus*, for respondent.

ROSELLINI, J.—The appellants are the vendors and the respondent the vendee under a written contract for the purchase and sale of a residence property in Seattle. The action was brought to recover damages for a breach by the vendee, who repudiated the contract the day after it was signed. At the conclusion of the trial, the complaint was dismissed, the court having found that the parties had agreed that the written contract would not take effect until the happening of a condition precedent, which had not occurred.

The instrument in question, an earnest-money receipt and agreement, was executed on December 15, 1952, by the attorney in fact for the appellants, by a real-estate agent, and by the respondent. A copy was thereupon delivered to each of the parties. It recited the receipt by the vendors of one thousand dollars in the form of a demand note, and provided that the purchase price of twenty-three thousand dollars would be paid in cash upon proof of insurable title and delivery of a deed. Included in the agreement were the following provisions:

"This offer and acceptance is subject to the above described property being, or being altered to be second residential zone prior to closing of this transaction."

"There are no verbal or other agreements which modify or affect this agreement."

Another clause provided that, if the title should be good and the vendee should neglect or refuse to perform, the earnest money might, at the vendor's option, be forfeited as liquidated damages.

On December 16, 1952, the respondent notified the appellants, through their agent, that she would not be able to purchase the property. The agent endeavored to persuade her to attempt to raise the necessary funds for a down payment by mortgaging a residence which she owned, but the respondent was unwilling to undertake this obligation and refused to perform the contract.

On September 22, 1953, the original complaint was filed. In it, the appellants elected not to declare a forfeiture of the earnest money but to claim their actual damages, under the authority of *Reiter v. Bailey*, 180 Wash. 230, 39 P. (2d) 370, 97 A. L. R. 1489 (1934), wherein we recognized the right of a vendor to so elect and to recover the difference between the contract price and the market value of the property at the date of the breach.

The appellants assign error to the trial court's finding that there was an oral agreement between the parties that the written agreement would not take effect unless and until the respondent was able to sell her residence property to her tenant. Further error is assigned to the admission of testimony regarding this oral agreement and to the conclusion reached by the court that the written agreement was never delivered as a present and subsisting contract and that it never came into existence as a binding contract because of the nonoccurrence of a condition precedent.

The strongest evidence in support of the finding that there was an oral agreement for a condition precedent, is the testimony of the respondent. She stated that she had informed the agent who showed her the premises that she would have no money with which to make the purchase unless she could complete the sale of her residence property to her tenant, with whom she was negotiating and who was to give her his decision on the following Tuesday. The agent informed her that another party was anxious to buy the house, and that unless she signed an offer, the house would be gone the next day. Whereupon, the respondent submitted a written offer in the amount of twenty-two thousand five hundred dollars. The next day, she was notified

that this offer had been rejected by the appellants' attorney in fact, who had prepared a written counteroffer and placed it in the hands of the agent.

The respondent went to the office of the agency to discuss this offer. There she met a Mr. Philbrook, the manager. She told him that she had no funds with which to purchase the house and would have none unless she succeeded in selling her property to her tenant, and that she was expecting to hear from him the following day. The agent insisted that if she did not sign the agreement, the house might be gone by the following day. The respondent was anxious to have the house; she testified: "So I, in my haste—never seemed to be in such a hurry—in his haste and my haste I signed it."

Her testimony was corroborated in substance by other witnesses. No issue was made as to fraud or duress.

■ From this evidence, can we infer that there was an agreement between the respondent and the appellants' agent that the written contract was not to take effect until a future date? It is apparent from the respondent's testimony that her purpose in signing the contract was to prevent a sale to another party. If the appellants were not to be immediately obligated under it, the execution of the contract was a useless act in so far as the respondent was concerned. Unless the agreement was to take effect immediately, it could afford her no protection; and if it was to become binding upon the appellants from the time of execution, it was not subject to a condition precedent. The most favorable inference to be derived from her testimony is that the parties agreed on a condition subsequent; namely, that in the event the respondent should be unable to raise the necessary funds through the sale of her property, the contract should become null and void.

■ While parol evidence is admissible to show a separate agreement that a written instrument shall not become binding until a future day or until the happening of a future event (*Nelson Equipment Co. v. Goodman*, 42 Wn. (2d) 284, 254 P. (2d) 727 (1953); *Mapes v. Santa Cruz Fruit*

*Packing Corp.*, 26 Wn. (2d) 145, 173 P. (2d) 182 (1946)), such evidence may not be admitted for the purpose of proving a condition subsequent which would cut off the plaintiff's right to recover on the unconditional promise of the defendant contained in a written contract. *McDonald v. Wyant*, 167 Wash. 49, 8 P. (2d) 428 (1932). While the respondent's promise was not unconditional, the events on which it was conditioned had no relation to her ability to raise the money to make the purchase. It is plain that she has attempted to show an agreement of the kind which may not be proven by parol evidence.

Since the evidence fails to sustain the court's finding that the parties had agreed upon a condition precedent, it becomes unnecessary to consider whether the conclusion of law based on this finding was correct.

The judgment is reversed and the cause remanded, with directions to determine the date of the breach and the amount of damage, if any, arising therefrom, and to enter judgment accordingly.

DONWORTH, MALLERY, HILL, and WEAVER, JJ., concur.