ERACLIO L. DEL SESTO *et al. d.b.a.* COMMUNITY BUILDERS *vs.* JOHN TURCHETTA.

JUNE 17, 1957.

PRESENT: Flynn, C. J., Condon, Roberts, Andrews and Paolino, JJ.

ANDREWS, J. This is an action of the case in assumpsit based upon the alleged promise of the defendant to pay certain outstanding debts which were contracted by the plaintiffs in connection with a building contract. The case was heard by a justice of the superior court, sitting without a jury, who rendered a decision for the plaintiffs for $717.86. The defendant excepted to the decision, and this exception together with twenty-eight others taken to rulings made during the trial constitute his bill of exceptions.

On August 7, 1947 the parties entered into a written contract whereby plaintiff undertook for $10,600 to relocate an existing building and to erect a gasoline station on property of defendant. The work was started in the late summer but owing to a severe winter the contract could not be finished that year. Work was resumed the next spring, but the parties became involved in disputes and went to the office of an attorney to straighten out their difficulties. Nothing final was accomplished at that meeting, but a list of plaintiffs' unpaid bills was made out. At another meeting in defendant's office the parties executed mutual releases. The consideration in each release is recited as follows: "Ten Dollars ($10.00) and other and good and valuable consideration * * *." For such consideration the parties released "all matters arising out of the construction of a building located at 701 New London Avenue, Cranston, Rhode Island * * *." At or about this time plaintiffs furnished defendant with the above list of unpaid bills and they gave him their general release.

The plaintiffs testified that the work was practically completed at that time and they had owing them under the contract and for extras a sum somewhat in excess of the unpaid bills. There was also testimony that defendant agreed to pay those bills and that the releases were not to become effective until the outstanding bills had been paid. The defendant admitted that the total of those bills and the amount due plaintiffs were approximately the same. The defendant also admitted that he paid all but three of the bills on the list, and while he denied that he promised to do so he conceded that on the list was a notation "To be paid" which might have been put there by his wife who did his bookkeeping. The trial justice found that defendant did promise to pay the outstanding bills and that the releases were to become effective only upon payment of such bills.

The defendant's main defense was that the admission of oral testimony relative to the condition and promise violated the parol evidence rule. It is settled law here that the admission of oral testimony that a document is not to become effective until the happening of a certain event does not violate the parol evidence rule. *Sweet* v. *Stevens,* 7 R. I. 375; *Allen* v. *Marciano,* 79 R. I. 98.

That rule applies only when the parties intend to make the document the sole memorial of the transaction. In *Wood* v. *Moriarty,* 15 R. I. 518, a third-party contract action, A contracted to build two houses for B and later by a written instrument transferred the contract back to B. In the writing, A released B from all claims upon B agreeing to release him from all his obligations under the contract. The plaintiffs had furnished lumber for two houses and offered to prove that as an added consideration for the release B promised to pay the outstanding bills on the houses. This court held that the evidence was admissible and at page 519 stated: "The general rule is, that parol evidence is inadmissible to contradict, add to, subtract from,

or vary the terms of any written instrument. But when the instrument is a deed, it is held to be no infringement of the rule to permit a party to prove some other consideration than that which is expressed, provided it be consistent with that which is expressed, and does not alter the effect of the instrument."

■ If parol evidence of other consideration is admissible when the document does not even suggest such consideration it certainly should be admissible when the document as here shows that there was other consideration not specifically identified in the document. Such consideration was defendant's promise to pay the listed debts of plaintiffs. It thus clearly appears that the parties did not intend to make the writing the sole memorial of the transaction, and that the evidence was not contradictory of the written instrument in the circumstances of record.

The defendant waived fourteen of his twenty-nine exceptions, and those which he pressed are based on his misconception of the parol evidence rule or are otherwise without merit.

All of the defendant's exceptions are overruled, and the case is remitted to the superior court for entry of judgment on the decision.

*Kirshenbaum & Kirshenbaum, Louis Kirshenbaum,* for plaintiffs.

*Ralph Rotondo, Joseph Bevilacqua,* for defendant.