214 A.2d 470.

MARIA P. FERRI *vs.* ANTONIO SYLVIA *et ux.*

NOVEMBER 17, 1965.

PRESENT: Roberts, Paolino and Joslin, JJ.

JOSLIN, J. This action of assumpsit based upon a promissory note was tried before a justice of the superior court sitting without a jury and resulted in a decision for the plaintiff of $2,600. The defendants prosecute their exceptions to evidentiary rulings and to the decision.

The note, which is dated May 25, 1963, obligates defendants to pay to plaintiff or her order $3,000 "within ten (10) years after date." The trial justice determined that the maturity of the note was uncertain, admitted testi-

mony of the parties as to both their intentions and prior agreements, and premised upon such extrinsic evidence found that plaintiff "could have the balance that may be due at any time she needed it and that she could call for and demand the full payment of any balance that may be due or owing her at the time of her demand."

The question is whether the note is payable at a fixed or determinable future time. If the phrase "within ten (10) years after date" lacks explicitness or is ambiguous then clearly parol evidence was admissible for the purpose of ascertaining the intention of the parties. *Salvas* v. *Jussaume*, 50 R. I. 75, *Chase* v. *Cram*, 39 R. I. 83. Moreover, if it was apparent from an inspection of the note that it did not include the entire agreement of the parties then it was permissible to accept extrinsic evidence of their prior agreements relative to its due date in supplementation and explanation of the writing; provided, however, that the collateral terms were consistent therewith and such as would normally have been excluded by the parties from the note. *Golden Gate Corp.* v. *Barrington College,* 98 R. I. 35, 199 A.2d 586; *Myron* v. *Union R. R.,* 19 R. I. 125. While the trial justice in admitting and accepting the extrinsic evidence apparently relied on these principles, neither is applicable because the payment provisions of the note are not uncertain nor are they incomplete.

At the law merchant it was generally settled that a promissory note or a bill of exchange payable "on or before" a specified date fixed with certainty the time of payment. *Riker* v. *Sprague Mfg. Co.,* 14 R. I. 402; *Mattison* v. *Marks,* 31 Mich. 421; *First National Bank* v. *Skeen,* 101 Mo. 683; *Union State Bank* v. *Benson,* 38 N. D. 396; *Curtis* v. *Horn,* 58 N. H. 504. The same rule has been fixed by statute first under the negotiable instruments law, G. L. 1956, §6-18-10.2, and now pursuant to the uniform commercial code. The code in §6A-3-109 (1) reads as follows: "An instrument is payable at a definite time if by its terms it is payable

(a) on or before a stated date or at a fixed period after a stated date * * *."

The courts in the cases we cite were primarily concerned with whether a provision for payment "on or before" a specified date impaired the negotiability of an instrument. Collaterally, of course, they necessarily considered whether such an instrument was payable at a fixed or determinable future time for unless it was, an essential prerequisite to negotiability was lacking.

They said that the legal rights of the holder of an "on or before" instrument were clearly fixed and entitled him to payment upon an event that was certain to come, even though the maker might be privileged to pay sooner if he so elected. They held, therefore, that the due date of such an instrument was fixed with certainty and that its negotiability was unaffected by the privilege given the maker to accelerate payment. Professor Chafee referred to it as providing "the simplest form of acceleration provision," 32 Harv. L. Rev. 747, 757, and Judge Cooley in *Mattison* v. *Marks, supra,* observing that notes of this kind were common in commercial transactions, said at page 423:

> "It seems to us that this note is payable at a time certain. It is payable certainly, and at all events, on a day particularly named; and at that time, and not before, payment might be enforced against the maker. * * * The legal rights of the holder are clear and certain; the note is due at a time fixed, and it is not due before. True, the maker may pay sooner if he shall choose, but this option, if exercised, would be a payment in advance of the legal liability to pay, and nothing more."

On principle no valid distinction can be drawn between an instrument payable "on or before" a fixed date and one which calls for payment "within" a stipulated period. This was the holding in *Leader* v. *Plante,* 95 Me. 339, where the court said at page 341:

" 'Within' a certain period, 'on or before' a day named and 'at or before' a certain day, are equivalent terms and the rules of construction apply to each alike."

See also *General Mortgage & Loan Corp.* v. *Dickey,* 274 Mass. 207, where the note provided that "said principal sum shall be paid in or within in the following manner * * *".

We follow the lead of the Maine court and equate the word "within" with the phrase "on or before." So construed it fixes both the beginning and the end of a period, and insofar as it means the former it is applicable to the right of a maker to prepay, and insofar as it means the latter it is referable to the date the instrument matures. We hold that the payment provision of a negotiable instrument payable "within" a stated period is certain as well as complete on its face and that such an instrument does not mature until the time fixed arrives.

For the foregoing reasons it is clear that the parties unequivocally agreed that the plaintiff could not demand payment of the note until the expiration of the ten-year period. It is likewise clear that any prior or contemporaneous oral agreements of the parties relevant to its due date were so merged and integrated with the writing as to prevent its being explained or supplemented by parol evidence. *Supreme Woodworking Co.* v. *Zuckerberg,* 82 R. I. 247; *Quinn* v. *Bernat,* 80 R. I. 375; *Hull* v. *Brandywine Fibre Products Co.,* 121 F. Supp. 108; 9 Wigmore, Evidence (3d ed.), §2444(a) (2), p. 142.

The defendants' exception to the trial justice's decision is sustained, and on November 29, 1965 the plaintiff may appear in this court to show cause, if any she has, why the case should not be remitted to the superior court with direction to enter judgment for the defendants.

*John F. Cuzzone, Jr.,* for plaintiff.

*Raymond A. Thomas,* for defendants.