Umberto LISI et al.

v.

Michael MARRA.

J. R. C. REALTY CORP.

v.

Michael MARRA.

No. 78–255–Appeal.

Supreme Court of Rhode Island.

Jan. 20, 1981.

Reargument Denied Feb. 11, 1981.

Ciullo & Rampino, Albert R. Ciullo, Kenneth J. Rampino and Richard A. Ciccone, Providence, for plaintiffs.

W. Slater Allen, Jr., Providence, for defendant.

## OPINION

BEVILACQUA, Chief Justice.

This is an appeal by the defendant, Michael Marra (Marra), from judgments of the Superior Court in favor of the plaintiffs Umberto Lisi (Lisi) and Anthony Carcieri (Carcieri) for rent due and possession of real property situated at 158 Gentian Avenue, Providence, Rhode Island; and a judgment in favor of the plaintiff, J.R.C. Realty Corp. (J.R.C.) in a consolidated action that upheld a 1966 foreclosure judgment for J.R.C. The hearing was held before a trial justice sitting without a jury.

In 1962, defendant entered into a purchase-and-sales agreement with J.R.C., then owner of the subject real estate. Citizens Savings Bank held a mortgage on this property that secured an amount below the sales price. The defendant agreed to assume the mortgage and procure the balance of the purchase price by October 30, 1962, the closing date. At the time of the closing, defendant did not have sufficient money to complete the transaction, whereupon J.R.C. agreed to accept a promissory note for the balance of the price secured by a second mortgage executed in favor of J.R.C. On its face, the note was payable within six months at a rate of 6 percent per annum, and the note indicated clearly that it was secured by a mortgage on the real estate. Present at the October 1962 closing were Ronald Picerne, representing J.R.C. Realty Corp.; Anthony DelGiudice, representing defendant; and defendant himself. When the note became due, defendant failed to make payment. After commencing and withdrawing foreclosure proceedings on several occasions, J.R.C. foreclosed on the mortgage, purchased the property at a foreclosure sale and recorded the deed on December 5, 1966.

Thereafter, J.R.C. brought a trespass-and-ejectment action in the District Court (No. 67–2706) and a separate suit for the deficiency on the note in the Superior Court (No. 66–5143). Both actions were later consolidated for trial. Meanwhile, defendant counterclaimed that the foreclosure was invalid because plaintiff J.R.C. had allegedly agreed to wait for payment until defendant settled a claim he had against the State of Rhode Island. At a hearing in June of 1969, prior to the trial on the merits, a trial justice of the Superior Court ordered defendant to pay J.R.C. $125 per month as a fair rental value.[1] The defendant apparently settled his claim against the state sometime after 1966, but the litigation between plaintiff J.R.C. and defendant remained pending.

Except for the fact that defendant continued to make rental payments pursuant to the court order, nothing of substance occurred after 1969 until September 1975. At that time plaintiffs Lisi and Carcieri purchased the real estate from J.R.C. After purchase, Lisi and Carcieri began to receive the $125 per month rental through J.R.C. In May 1977, these plaintiffs gave notice to defendant to quit and vacate the premises. The defendant refused to comply with the notice and ceased paying rent. Lisi and Carcieri then brought a trespass-and-ejectment action in District Court, where judgment was entered for defendant. The plaintiffs appealed the judgment to the Superior Court (No. 78–937), and this case was consolidated with J.R.C.'s claim for a deficiency on the note and defendant's counterclaim to invalidate the foreclosure.

At trial, the defendant alleged that there was an oral agreement between the parties, which agreement was reached at the October closing, conditioning payment of the note on funds defendant expected to receive in his suit against the state. Ronald Picerne, who represented J.R.C. at the closing, stated that he had no recollection of such an agreement and that there never was any understanding that the note was conditioned on the happening of that event. Mr. Picerne did acknowledge allowing certain extensions in regard to payment of the note and the occurrence of several delays before he finally foreclosed on the property.

Anthony DelGiudice testified that the note and mortgage were the only agreements signed by defendants at the closing and that they contained no conditions. Mr. DelGiudice could not say definitely whether, in the process of negotiating, the parties resolved that payment of the note would be conditioned on certain monies becoming available or whether payment was dependent on these funds materializing within the six-month period. Although Mr. DelGiudice had no recollection concerning whether he was asked to reduce to writing the agreement alleged by defendant, he admitted that normally all agreements regarding payment are included in the note or are separately written and executed at the time the note is made.

As proof substantiating defendant's claim of an oral agreement, he pointed to J.R.C.'s conduct after the closing. The defendant argued that J.R.C. started two separate foreclosure proceedings but never prosecuted either to judgment.[2] The defendant claimed these actions were withdrawn when he reminded Picerne of their oral agreement.

The trial justice denied J.R.C.'s claim for a deficiency on the note but held that the foreclosure was valid. Judgment for possession of the premises as well as $1,250 for rent due was entered for plaintiffs Lisi and Carcieri. The trial justice also found, as a fact, that any discussions concerning extensions of time for payment beyond the six-month due date did not reach the level of an agreement and that evidence of any such oral agreement was barred by the parol-evidence rule.

---

1. Judgment was entered in No. 67–2706 and that case was dismissed at the beginning of the June 1978 trial from which this appeal is taken.

2. As noted previously, J.R.C. did receive a judgment of foreclosure in 1966 after withdrawing several earlier foreclosure suits.

There are three questions presented: (1) whether the parties reached an oral prior or contemporaneous agreement varying the time of payment on the note; (2) whether, assuming such an agreement existed, the parol-evidence rule barred admission of testimony establishing the agreement's existence; and, (3) whether the parties modified their written agreement by a subsequent oral agreement.

I

The defendant argues that the trial justice made no findings of fact and that the record leads to the "inescapable conclusion" that there was an oral agreement. The defendant argues further that plaintiffs Lisi and Carcieri do not have good title because of J.R.C.'s allegedly improper foreclosure.

■ A factual finding made by a trial justice presiding in a jury-waived case in entitled to great weight and will not be set aside unless appellant can show that such findings are clearly wrong or that the trial justice misconceived or overlooked material evidence. *Wickes v. Kofman*, R.I., 402 A.2d 591, 593 (1979), or the decision fails to do substantial justice between the parties. *Rogers v. Zielinski*, 99 R.I. 599, 605, 209 A.2d 706, 709 (1965). A similar rule is applicable to inferences drawn by the trial justice sitting as a trier of fact. *J. Koury Steel Erectors, Inc. of Mass. v. San-Vel Concrete Corp.*, R.I., 387 A.2d 694, 696–97 (1978). And the trial justice, sitting in such a case, is entitled to determine what weight to give the credibility of the witnesses. *LaPorte v. Ramac Associates, Inc.*, R.I., 395 A.2d 719, 721 (1978); *Raheb v. Lemenski*, 115 R.I. 576, 579, 350 A.2d 397, 399 (1976). In the instant case, the trial justice found that defendant, DelGiudice, and Picerne did have discussions concerning defendant's claim against the state but that these discussions never made settlement of the claim a part of the contract or a condition affecting the obligation on the note.

■ The basis for these findings is amply supported in the record. At the October 1962 closing, each side assumed that de-

fendant's claim with the state would be resolved in the very near future. At trial, Ronald Picerne stated that he did not recall agreeing to extend payment for longer than six months after the closing. In contrast to this testimony, Mr. DelGiudice stated that there was talk about the payment being dependent on defendant settling his claim with the state, but this condition was not made part of the note. These facts, however, coupled with whatever discussions occurred prior to execution of the note, are inadequate to support defendant's argument. The record does not lead to the conclusion defendant urges, and he has failed to demonstrate that the trial justice was clearly wrong, misconceived material evidence, or failed to do substantial justice.

II

■ The defendant contends that the trial justice was wrong when he rejected testimony tending to prove the existence of an oral agreement between the parties. Even if we assume such an agreement existed, we would be precluded from considering its impact on the written terms of the note because of the parol-evidence rule. In general, this rule prohibits introduction of extrinsic evidence to change, vary, or alter the written terms of an agreement, unless the evidence is offered to show fraud, mistake, or a condition precedent to the existence of the contract. *Supreme Woodworking Co. v. Zuckerberg*, 82 R.I. 247, 252, 107 A.2d 287, 290 (1954); *Allen v. Marciano*, 79 R.I. 98, 102, 84 A.2d 425, 427 (1951). Parol evidence may also be admitted to supplement an agreement that is incomplete or ambiguous on its face. *Supreme Woodworking Co. v. Zuckerberg, supra.*

■ Relying on *Ferri v. Sylvia*, 100 R.I. 270, 214 A.2d 470 (1965), the lower court ruled "that where payment terms in a promissory note are clear and unequivocal, evidence of a prior or contemporaneous oral agreement cannot be used to vary or contradict the provisions of the note regarding payment." *Ferri* involved an application of the parol-evidence rule to bar evidence al-

tering the terms of a negotiable instrument. Although the facts in *Ferri* are distinguishable from those before us, the controlling principle of law is the same.[3] In the instant case, the payment terms on the face of the note are clear and unambiguous. The terms call for payment six months after execution of the note; no other conditions are expressed. Similarly, the mortgage deed is silent regarding any extensions of time for payment. Therefore, parole evidence cannot be admitted to vary the six-month period for payment.

■ The defendant contends that his situation falls within "a family of cases" that include *American Underwriting Corp. v. Rhode Island Hospital Trust Co.*, 111 R.I. 415, 303 A.2d 121 (1973); *DiBattista v. Butera*, 104 R.I. 465, 244 A.2d 857 (1968) and *Lopato v. Hayman*, 43 R.I. 271, 111 A. 529 (1920). It is defendant's contention that these cases provide an exception to the parol-evidence rule allowing a party to offer evidence showing the agreement was subject to a condition. The defendant, however, has failed to distinguish between conditions precedent and conditions subsequent. Only parol evidence of a condition precedent is admissible to show the parties' intention that the contract not take effect except on the happening of a future occurrence of event. *Supreme Woodworking Co. v. Zuckerberg*, 82 R.I. 247, 252, 107 A.2d 287, 290 (1954); *Allen v. Marciano*, 79 R.I. 98, 102, 84 A.2d 425, 427 (1951); *see DelSesto v. Turchetta*, 85 R.I. 474, 476–77, 133 A.2d 130, 131 (1957) (oral testimony that document not effective until happening of condition precedent admissible under parol-evidence rule). Any understanding between defendant and J.R.C. altering the written time for payment was at most a condition subsequent excusing performance if settlement never materialized. Therefore, evidence of any oral agreement is clearly inadmissible under the parol-evidence rule.[4] *Supreme Woodworking*, 82 R.I. at 252, 107 A.2d at 290.

In reaching this determination, we have examined the intent of the parties about what kind of condition, if any, they intended. *Strimiska v. Yates*, 158 Conn. 179, 185–86, 257 A.2d 814, 818 (1969); *Loyal Erectors, Inc. v. Hamilton & Son, Inc.*, 312 A.2d 748, 753 (Me.1973). First, as we have stated previously, the note required payment at a definite time. Second, after closing the sale, the mortgage was recorded and defendant took possession of the premises; he did not wait until settlement of his claim to occupy the property. Our conclusion is consistent with other jurisdictions that have found conditions subsequent similar to the one purportedly reached between J.R.C. and defendant. *See National Bank and Trust Co. of South Bend v. Becker*, 38 Ill.App.2d 307, 312, 187 N.E.2d 355, 357 (1962); *Solomon v. Van DeMaele*, 21 App.Div.2d 396, 399, 250 N.Y.S.2d 772, 774 (1964); *City National Bank of Anchorage v. Molitor*, 63 Wash.2d 737, 745, 388 P.2d 936, 940–41 (1964); *Ravenholt v. Hallowell*, 48 Wash.2d 136, 140, 291 P.2d 653, 655 (1955); *cf. Berger v. McBride & Son Builders, Inc.*, 447 S.W.2d 18, 19 (Mo.App.1969) (written condition subsequent).

### III

■ Although not offered in his pleadings, defendant asserts on appeal that the trial justice ignored clear evidence of a subsequent oral modification. The defendant contends that this oral modification contained the same conditioning of payment that we rejected in the form of a prior or contemporaneous agreement. There is no

3. In *Ferri v. Sylvia*, 100 R.I. 270, 214 A.2d 470 (1965), the court interpreted the terms of a promissory note calling for payment " 'within ten (10) years after date.' " The court concluded that because the term "within" was equivalent to the more common term of "on or before," no ambiguity existed and parol evidence was not admissible. *Id.* at 272–73, 214 A.2d at 472.

4. The defendant also contends that the parol-evidence rule does not apply because the facts reveal the parties were mistaken when consummating the purchase and sale. The facts disclose the opposite. The defendant testified that at the closing he and Mr. DelGiudice were aware that no provision regarding extension of time for payment was included in the note.

parol-evidence problem confronting introduction of a subsequent oral modification to vary the terms of a written agreement. *Industrial National Bank v. Peloso*, R.I., 397 A.2d 1312, 1314 (1979). Nevertheless, without addressing plaintiff J.R.C.'s legal objections to subsequent oral modifications of negotiable instruments or its contention that such a modification would violate the preexisting-duty rule, we decline to disturb the ruling below.

The circumstances concerning any subsequent oral discussions or conduct of the parties giving rise to a modification of the time for payment were developed at trial. In his decision, the trial justice did not state directly whether he found such a modification to have altered the payment terms. Our review of the record, however, plainly reveals that the court committed no error by failing to find a subsequent modification. The testimony showed that J.R.C. backed off from attempting collection of the note for at least one year. On several occasions defendant explained his inability to pay as the result of other commitments. In 1964 and early 1966, J.R.C. twice began actions to foreclose and twice withdrew after receiving assurances from defendant that his claim was moving closer to settlement and that defendant would honor the note including accrued interest.

Having failed at trial to establish the existence of a prior or contemporaneous agreement, the defendant now seeks to supplement his appeal by pointing to J.R.C.'s hesitancy to pursue collection and foreclosure as evidence of a subsequent modification. Although the defendant may be permitted to demonstrate a modification by subsequent oral agreement, he remains saddled with the burden of proving the other party's acceptance of the modification "in a manner that satisfies the requirements of a valid contract." *Kohlenberg v. American Plumbing Supply Co.*, 82 Wis.2d 384, 393, 263 N.W.2d 496, 499–500 (1978) (quoting *Corbin on Contracts* § 1293 at 1063 (1952)). The defendant has failed to sustain this burden. At trial, Ronald Picerne conceded that the defendant made several requests for an extension of time to pay the note after it became due. Picerne admitted that two of these requests were granted before J.R.C. took final action to foreclose. The evidence given by each side concerning the discussions and conduct after October 1962 was relatively consistent except for the amount of time extended for payment. Picerne stated that the extensions granted were only short term. The defendant contended that both before and after the October 1962 agreement Picerne agreed to await payment from the defendant's settlement. The trial justice found no agreement supporting the defendant's contention, and we affirm that finding with respect to any subsequent modification. Basing our decision on the facts adduced at trial, we find that the right of J.R.C. to foreclose in December of 1966 was not altered by Picerne's representations to the defendant or his forebearance for a period of three and a half years before foreclosure.

The judgment of the trial court is affirmed, and the appeal dismissed.

DORIS and WEISBERGER, JJ., did not participate.