EAST GREENWICH FIRE DISTRICT by and through Its Chairman, Michael N. ZAINO, and Commissioners Donna Horan and James Grogan

v.

R. Peter HENRIKSON, Alias John Doe.

No. 92–561–M.P.

Supreme Court of Rhode Island.

Nov. 2, 1993.

Richard A. Skolnik, Providence, for plaintiff.

Richard Sahagian, John P. Hawkins, Hawkins & Hoopis, Providence, for defendant.

OPINION

WEISBERGER, Justice.

This case comes before us on a petition for certiorari, wherein the East Greenwich Fire District (the district) seeks to review a final decree of the Appeals Board of the East Greenwich Fire District (the appeals board) overturning the district's denial of so-called longevity pay to the defendant.[1] We granted the petition and now quash the judgment of the appeals board. The facts of this case insofar as pertinent to this petition are as follows.

The defendant, R. Peter Henrikson, entered into an employment contract with the district to serve as fire chief of the East Greenwich Fire Department (the department) for two years commencing April 6, 1990. The contract did not contain any provision that granted longevity pay to defendant. The contract did contain an integration clause that provided that

"[i]t is mutually understood and agreed to all covenants and agreements contained herein constitutes [sic] the sole and complete agreement of the parties; that no verbal or other statements, inducements or representations have been made by either party, and no modification of this contract may be made by either party unless agreed to in writing and signed by both parties hereto."

Prior to becoming chief, defendant was employed as a rank-and-file member of the department and served under a collective-bargaining agreement between the district and the local firefighters' union. This collective-bargaining agreement provided for longevity pay for unit employees based on the number of years of employment with the department. The employees receive a yearly

1. During the course of the litigation, the names of the commissioners changed. The names above reflect those on the writ of certiorari.

lump-sum payment equal to a percentage of their base salary.

On September 24, 1990, defendant requested longevity pay from the district. He based this request on an alleged representation made to him by the then-chairman of the District Board of Fire Commissioners before he signed his employment contract as chief. The chairman allegedly told defendant that he would continue to be eligible for longevity pay after he signed the contract to serve as chief. Additionally defendant argued that there was a past practice in the district to continue to award longevity pay to an individual who had risen to the chief's position through the rank and file, as opposed to those hired from outside the bargaining unit.[2]

The district denied defendant any longevity pay. The defendant appealed this decision to the appeals board, which summarily overturned the district's decision and found in favor of defendant. This decision eventually led to the filing of a petition for certiorari with this court to review the decision of the appeals board.

■ This court has consistently stated that "clear and unambiguous language set out in a contract is controlling in regard to the intent of the parties to such contract and governs the legal consequences of its provisions." *Elias v. Youngken,* 493 A.2d 158, 163 (R.I.1985)(quoting *Chapman v. Vendresca,* 426 A.2d 262, 264 (R.I.1981)); *see also Dudzik v. Leesona Corp.,* 473 A.2d 762, 765 (R.I. 1984). The employment contract between plaintiff and defendant sets forth the compensation due defendant. Moreover the integration clause contained in the contract expressly stated that the agreement was the sole and complete agreement between the parties and that no other inducement or representation had been made by either party to the contract. It is clear from the face of the contract that longevity pay is not included as part of the consideration for defendant's performance under the agreement. The appeals

board erred as a matter of law in interpreting the contract to include longevity pay.

■ The defendant argues that certain evidence of past practices of the district and the particular representations made to him were considered by the appeals board in reversing the district's denial of longevity pay and should be considered by this court. However, under the parol-evidence rule, such information is inadmissible to alter the terms of a writing that is integrated on its face. *Fram Corp. v. Davis,* 121 R.I. 583, 587–88, 401 A.2d 1269, 1272 (1979)("when parties to a contract have adopted a written agreement as the final expression of their intention in regard to a portion of or the entire subject matter of the transaction, all other expressions of intention that have occurred prior to or contemporaneous with the making of the agreement are immaterial in ascertaining the terms of the transaction"). The parol-evidence rule "prohibits introduction of extrinsic evidence to change, vary, or alter the written terms of an agreement, unless the evidence is offered to show fraud, mistake, or a condition precedent to the existence of the contract." *Lisi v. Marra,* 424 A.2d 1052, 1055 (R.I. 1981); *see also Inleasing Corp. v. Jessup,* 475 A.2d 989, 993 (R.I.1984); *Dudzik v. Leesona Corp.,* 473 A.2d at 766; *Fram Corp. v. Davis,* 121 R.I. at 586–88, 401 A.2d at 1272–73. Because there is no showing of fraud, mistake, or condition precedent and because the employment contract between the parties is fully integrated on its face, we are of the opinion that no extrinsic evidence should be considered. Accordingly we hold that the express terms and conditions set forth in the contract prevail and that no longevity pay is due the defendant for the period he served as chief of the department.

For the foregoing reasons the petition for certiorari is hereby granted. The judgment of the appeals board is hereby quashed. The papers in the case may be remanded to the

---

**2.** There were conflicting contentions regarding whether defendant ever officially resigned as a member of the firefighters' bargaining unit. We do not need to decide whether such resignation took place because the collective-bargaining agreement itself excludes the "Chief of the De-

partment" from the bargaining unit covered by the agreement. Therefore, by entering into the contract to serve as chief, defendant ceased to enjoy any benefits under the union contract and the resignation question becomes moot.

appeals board with our decision endorsed thereon.

FAY, J., did not participate.