Carol A. KEEFE

v.

Peter P. D'AMICO, et al.

No. 96-326-Appeal.

Supreme Court of Rhode Island.

July 11, 1997.

Joseph V. Cavanagh, Jr., Karen A. Pelczarski, Providence, for Plaintiff.

William A. Poore, Providence, for Defendant.

Before WEISBERGER, C.J., and FLANDERS and GOLDBERG, JJ.

## OPINION

PER CURIAM.

This matter came before the Supreme Court on June 17, 1997, pursuant to an order directing both parties to show cause why the issues raised in this appeal should not be summarily decided. The defendant here, Peter P. D'Amico (defendant), appeals from a Superior Court judgment in favor of the plaintiff, Carol A. Keefe (plaintiff).

After hearing the arguments of counsel for the parties and after reviewing the memoranda of the parties, we are of the opinion that cause has not been shown, and therefore, the appeal will be decided at this time.

The facts and travel of the case indicate that both plaintiff and defendant are Rhode Island attorneys, formerly associated with the law office of D'Amico & Connor. During this association plaintiff received a referral from a Connecticut law firm to represent Donna Leeper (Leeper) in a personal-injury action. The plaintiff asserts that she sought the assistance of defendant in the representation of Leeper. The Connecticut law firm and defendant's firm entered into an agreement whereby the parties agreed to share the contingency fee derived from the Leeper matter. That agreement was disclosed to the client and is not a part of this controversy. Similarly, defendant and plaintiff entered into a fee-sharing agreement whereby 5 percent of the fee would accrue to the firm and the parties would divide the remaining portion, each receiving 47.5 percent. This agreement was reduced to writing, signed by both parties, and is the subject of this dispute.

In November of 1986 plaintiff left the firm to take a position with the Rhode Island Department of the Attorney General. Thereafter a settlement was reached in the

Leeper matter; defendant and his firm received a total of $255,555. Initially defendant paid nothing to plaintiff. However, after repeated requests defendant paid a sum of $25,000 to plaintiff and thereafter refused to pay her any additional fee. As a result this breach-of-contract action ensued.

Following a bench trial, the trial justice entered a verdict in favor of plaintiff, finding the parties had entered into valid enforceable contract. The trial justice awarded plaintiff the sum of $96,388.62 plus interest and costs. Contrary to defendant's assertion, the trial justice found that the fee-sharing agreement was unambiguous and was never modified by the parties. He found that in order for a written agreement to be modified, there has to be a written amendment or conduct that would indicate there was a mutuality of agreement between the parties to change the basic terms of the contract. *See Lisi v. Marra*, 424 A.2d 1052, 1057 (R.I.1981) (party alleging oral modification of agreement has burden of proving acceptance of modification in manner that satisfies requirements of valid contract). The trial justice stated that he could find no such conduct.

The trial justice also found that at the time the parties entered into the agreement, there was an "association" between the parties within the meaning of Disciplinary Rule 2–107 of Rule 47 of the Supreme Court Rules of "Code of Professional Responsibility" (DR 2–107).[1] Rule DR 2–107(A) provides, in pertinent part:

> "A lawyer shall not divide a fee for legal services with another lawyer who is not a partner in or an associate of his law firm or law office."

Accordingly the trial justice found DR 2–107 inapplicable to the instant matter.

It is well settled that findings of fact made by a trial justice are accorded great weight and "will not be disturbed on appeal absent a determination that the trial justice misconceived or overlooked relevant evidence or was otherwise clearly wrong." *Picard v.*

*Barry Pontiac–Buick, Inc.* 654 A.2d 690, 693 (R.I.1995).

Having carefully reviewed the record in this case, we are of the opinion that the trial justice did not misconceive or overlook any relevant evidence but applied the proper standards in reviewing the fee-sharing agreement. Consequently we deny and dismiss the appeal, and the judgement appealed from is affirmed. The papers may be returned to Superior Court.

LEDERBERG and BOURCIER, JJ., did not participate.

---

1 The court accurately held the subsequent reenactment of the Disciplinary Rules relative to fee sharing, Article V, Rule 1.5, of the Supreme Court Rules of Professional Conduct, was not applicable to the instant matter as it was enacted after the instant fee-sharing agreement was entered into by the parties.