LLOYD R. ALLEN *vs.* EUGENE MARCIANO.

NOVEMBER 9, 1951.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

CONDON, J. This is an action of assumpsit which was tried before a justice of the superior court sitting without a jury and resulted in a decision for the plaintiff for $300. The case is here solely on defendant's exception to that decision.

On September 3, 1949 the parties entered into a written agreement in which plaintiff agreed to buy and defendant agreed to sell a certain parcel of real estate for $10,700. At the time the plaintiff signed the agreement defendant was not present but was represented by an agent with full authority to act for him. The agent received the sum

of $300 from the plaintiff as a binder and part payment on the purchase price and thereafter turned it over to defendant when the latter signed. By the express terms of the agreement the balance of $10,400 was to be paid in cash within ninety days upon defendant delivering a deed conveying a clear title. On or about September 15, 1949 plaintiff notified defendant that he was financially unable to complete the transaction because he could not obtain a mortgage loan in the amount of such balance. At that time he also requested defendant to refund the $300, which the latter refused to do. The written agreement contains no provision for a refund in the event plaintiff was financially unable to complete the transaction according to the terms of the agreement.

The plaintiff bases his right to a refund on an oral agreement with defendant's agent which was made before plaintiff signed the written agreement and paid the $300. He was allowed, over defendant's objection, to testify as to the nature and content of such oral agreement. His testimony was to the effect that before signing the agreement and paying the $300 he informed defendant's agent that he did not have sufficient funds to purchase the real estate; that he would need a mortgage loan for the balance of $10,400; and that he would have to rely on obtaining a so-called G.I. Loan in order to go through with the deal. He further testified that defendant's agent thereupon agreed that the sale was dependent upon the obtaining of such a loan and that the $300 was to be paid subject to plaintiff's right to a refund if the sale could not be completed because of his failure to secure such a loan.

The plaintiff's wife and his father-in-law Joe Florio, who were present during the negotiations, also testified substantially to the same effect. The defendant's agent did not testify. Apparently the trial justice relied upon plaintiff's testimony and found that there was an oral agreement under which in the circumstances plaintiff was entitled to recover.

The defendant contends that the trial justice erred in receiving and relying upon such testimony on the ground that it tended to contradict or vary the written agreement and therefore violated the parol evidence rule. He duly excepted to the admission of such testimony but he has not prosecuted that specific exception here. His single exception is to the trial justice's decision. Ordinarily under that exception he could not argue here any objection to a ruling made during the trial admitting certain evidence. However, he may do so in the circumstances of the case at bar, since in this state it is settled that the so-called parol evidence rule is not merely a rule of evidence but a rule of substantive law, and that any evidence violative of that rule even though admitted without objection will not be considered. *Gaddes* v. *Pawtucket Institution for Savings*, 33 R. I. 177, 187. If the evidence in question here is in fact so inhibited then error inheres in the trial justice's decision. Therefore defendant's general exception to the decision is sufficient to bring before us for review the ruling admitting such evidence.

In our opinion the testimony objected to does not in fact tend to contradict or vary the written agreement. On the contrary such testimony is directed not to the content of the agreement or to the intention of the parties in entering into it, but rather to the question whether it ever came into existence as a binding obligation. It tends to show only that the agreement was not to become effective until the happening of a certain event, namely, plaintiff's procurement of a sufficient loan to enable him to consummate the contract, and that such event did not in fact happen.

Testimony relating to an oral agreement concerning a condition precedent to the taking effect of a written agreement has long been recognized generally in England and in this country as not within the inhibition of the parol evidence rule. The leading English case in support of such view appears to be *Pym* v. *Campbell*, 6 El. & Bl. 370. Wig-

more in his treatise on evidence says that such doctrine is completely accepted in the United States. 9 Wigmore on Evidence, §2410. And the proposition is stated in Restatement, Contracts, §241, in the following language: "Where parties to a writing which purports to be an integration of a contract between them orally agree, before or contemporaneously with the making of the writing, that it shall not become binding until a future day or until the happening of a future event, the oral agreement is operative if there is nothing in the writing inconsistent therewith." Numerous cases in practically all jurisdictions in this country are cited in support of the doctrine in 32 C.J.S., Evidence, §935, p. 857, where it is stated: "In general, parol evidence is admissible to show conditions precedent, which relate to the existence of a valid contract, but is not admissible to show conditions subsequent, which provide for the nullification or modification of an existing contract."

The correct application of that distinction to the evidence concerning the nature of the condition orally agreed upon presents the chief difficulty with which courts have been forced to struggle in determining whether the proffered testimony lies within or without the inhibition of the parol evidence rule. Where testimony does not admit the existence of a completed agreement in writing to which it is sought to annex an oral condition but rather is to the effect that such writing was not to come into existence at all unless and until a certain event orally agreed upon happened, such testimony clearly relates to a condition precedent and is admissible.

The reason underlying this recognized exception to the parol evidence rule is well stated in 46 Am. Jur., Sales, §283, p. 467, in these words: "Evidence is generally held admissible to show that the parties made an agreement before or at the time they entered into a written contract of sale that such contract of sale should become binding only on the happening of a certain condition or contin-

gency, the theory being that such evidence merely goes to show that the writing never became operative as a valid agreement and that there is therefore no variance or contradiction of a valid written instrument."

The following cases are illustrative of the application of the exception to the rule in favor of the admission of such oral agreements. In *Ware* v. *Allen,* 128 U. S. 590, in a suit on a promissory note the ruling of the trial court admitting evidence of an oral agreement that the note was not to take effect until the maker's counsel approved the transaction which involved the giving of the note was sustained. In *Burke* v. *Dulaney,* 153 U. S. 228, oral evidence was held properly admitted to show that a note which was given for certain property was not to take effect until the maker of the note could examine such property.

In *Wilson* v. *Powers,* 131 Mass. 539, it was held that an oral agreement could be shown, even though the condition was not express, if from the circumstances existing before or accompanying the transaction it could be inferred. In *Levene* v. *Crowell,* 243 Mass. 441, which was an action for a broker's commission on a sale of certain ships, the admission at the trial of an oral agreement that the written contract for the sale of the ships was not to become effective until approved by the United States Shipping Board was sustained. There the court defined the expression "completed instrument," referring to the written contract in question as one which in form is complete and would be an executed instrument if it were delivered with the intent that it should take effect and be operative according to its terms. That case was cited and followed in *Hallett* v. *Moore,* 282 Mass. 380.

Where there was a written contract between a contractor and a subcontractor, but it was orally agreed at the time that such contract was not to become effective until approved by the building commission, evidence of such oral agreement and of the building commission's refusal

to approve the contract was admitted and held to be a good defense to the subcontractor's action to enforce the written contract. *Nuttall* v. *Berntson,* 83 Utah 535.

A striking application of the exception to the parol evidence rule appears in the facts set out in *White Showers, Inc.* v. *Fischer,* 278 Mich. 32. The defendant there entered into an agreement in writing to purchase an irrigation system from the plaintiff. The writing contained a provision that all agreements were covered therein and were not subject to cancellation without the plaintiff's consent. Nevertheless the defendant offered to show a contemporaneous oral agreement that the writing was to have no effect unless he could obtain a release from a contract, which he had previously entered into with another company for a similar system, and that he had been unable to obtain such release and had promptly notified the plaintiff. Over the objection of the plaintiff that such testimony violated the parol evidence rule, the trial court admitted it. Such ruling was sustained on appeal and the court, quoting from an earlier Michigan case, stated: "The making and delivering of a writing, no matter how complete a contract according to its terms, is not a binding contract if delivered upon a condition precedent to its becoming obligatory. In such case it does not become operative as a contract until the performance or happening of the conditions precedent. Proving this is not an attempt to vary the terms of a writing admitted to have been executed and delivered * * *." See also *Lerner Shops of North Carolina, Inc.* v. *Rosenthal,* 225 N. C. 316.

A case on its facts even more like those in the case at bar is *Smith* v. *Dotterweich,* 200 N. Y. 299. There the defendant gave his notes in payment of premiums on certain insurance policies and when sued on the notes he sought to show that at the time they were given there was an oral understanding between him and the plaintiff that the insurance contract was to be binding only if he could obtain a sufficient loan on the policies; otherwise the policies were

to be canceled and the notes recalled. On objection by the plaintiff that such testimony violated the parol evidence rule the trial court excluded it. On appeal the appellate division sustained such ruling, but on further review by the court of appeals it was reversed. "When the oral testimony goes directly to the question whether there is a written contract or not," that court said, "it is always competent; but when the effect of the oral testimony is to establish the existence of a written contract, which it is designed to contradict or change by parol, then the spoken word must yield to the written compact." The court went on to illustrate the difference between a condition precedent and a condition subsequent in such parol agreements by comparing the case before it with *Jamestown Business College Ass'n, Ltd.* v. *Allen,* 172 N. Y. 291. There the note was delivered and the maker sought to show an oral agreement of the payee to release the maker upon the happening thereafter of a future contingency which might or might not arise.

This distinction appears in at least one of our own cases. *Sweet* v. *Stevens,* 7 R. I. 375. There defendant gave plaintiff a postdated check in exchange for a promissory note made by a third person and payable to the plaintiff. When defendant was sued on the check on which he had stopped payment the trial court allowed him to testify that at the time he gave the check to plaintiff it was orally agreed between them that if the maker of the note refused to receive it and it thus became of no use to the defendant the latter was to return it to the plaintiff and he would thereupon give defendant his check. This court sustained the ruling of the trial justice and pointed out that such testimony was not evidence in contradiction or variance of the written instrument. While it did not specifically characterize such oral agreement as a condition precedent, it is clear from the facts stated that it was a condition of that kind and that whether the written instrument became

a binding obligation was contingent upon the happening of such condition.

In our opinion that case may be considered as authority for the above exception to the parol evidence rule that testimony of an oral agreement of a condition precedent to the taking effect of a written instrument does not contradict or vary it and is admissible to prove that the instrument did not in fact ever become effective as a binding contract. We have found no later cases in this state to the contrary and none have been cited to us. We are therefore of the opinion that the rule as it has been applied elsewhere in the cases hereinabove discussed is the law here. We are also of the opinion that the testimony objected to clearly falls within the exception to the rule, and hence the trial justice did not err in receiving and considering it in reaching his decision.

On the above view the credible and legal evidence is undisputed that there was an agreement between the parties to return plaintiff's $300 to him if he could not obtain a G.I. Loan; that plaintiff was unable to obtain such a loan; and that he promptly notified defendant of that fact. Therefore the trial justice did not err in rendering a decision for the plaintiff.

The defendant's exception is overruled; and the case is remitted to the superior court for entry of judgment on the decision.

*Anthony Grilli, Joseph F. Baffoni* for plaintiff.

*A. Anthony Susi, Arthur P. Vacca,* for defendant.