FRANCIS V. QUINN *vs.* TADEUSZ J. BERNAT.

JUNE 5, 1953.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

FLYNN, C. J.   This is an action of assumpsit based on an alleged breach of warranty by defendant in connection with the sale of a used automobile.   In the superior court at the conclusion of all the evidence the trial justice granted defendant's motion for a directed verdict.   The case is here on plaintiff's bill of exceptions to that decision and to other rulings on evidence during the trial.

It appears that defendant owns and operates a used car sales lot which is located within a block of plaintiff's home, and that prior to the transaction involved herein the parties were acquainted with each other.   On July 29, 1950 plaintiff went to look at a 1948 Ford convertible coupe which was at the corner of the lot.   He testified that defendant started the engine, exhibited the car, and stated that it was in good condition and would give a great deal of service.   The plaintiff also testified that defendant told him he would guarantee the condition of the car and that plaintiff would have nothing to worry about.   These statements, however, were denied by defendant.

There is also a conflict as to certain details of the negotiations and agreement, particularly as to the time when the transaction was completed.   According to plaintiff he took possession of the Ford on Saturday, July 29, 1950, and on that afternoon agreed to purchase it at the price quoted by defendant, namely, $1,395; that when defendant later learned plaintiff could not pay the purchase price in cash he told him to return with his father to sign papers necessary to negotiate a loan; and that the father and son went to defendant in a few days and within three to five days later transferred to defendant a 1941 Oldsmobile, which was registered in the father's name, at a trade-in value of $495 as part of the purchase price, and signed a so-called

conditional sale contract prepared by defendant and a note attached thereto for the balance of the purchase price.

On the other hand defendant's testimony denies the making of a warranty and tends to show that the transfers of the Ford to plaintiff and of the Oldsmobile to defendant, the execution of all papers necessary to effect transfers of each, including the so-called conditional sale contract of the Ford, a bill of sale of the Oldsmobile from plaintiff's father, and the application for registration and temporary registration certificate of the Ford, all took place on the same date, July 29, 1950, after plaintiff had been permitted to take the car out under the dealer's plates for a trial and for the approval of his father.

Apart from such conflict, the parties agree that plaintiff, who is not a minor, signed a written instrument described as a conditional sale contract dated July 29, 1950 which is in evidence as defendant's exhibit A. Nor is it disputed that this instrument, whether signed on July 29, 1950 or a few days later, actually concerns the same car, parties, and transaction. It contains at the very beginning the following statement:

> "Purchaser (being all of Undersigned, jointly and severally) hereby purchases for the time price and on the following terms and conditions, and acknowledges delivery, examination and acceptance of the following described Motor Vehicle (herein called 'Car') in its present condition * * *."

In the last paragraph of the agreement, just before the signatures of the plaintiff and his father, is the following provision:

> "This agreement constitutes the entire contract and no waivers or modification shall be valid unless written upon or attached to this contract, and said Car is accepted without any express or implied warranties, agreements, representations, promises or statements unless expressly set forth in this contract at the time of purchase."

There is further testimony of certain repairs and replace-

ments of parts made by defendant prior to a serious accident which happened while plaintiff was driving the Ford car on a public highway. Apparently this evidence was intended to show that the accident was caused by the defective condition of the car which plaintiff claims the defendant had guaranteed orally during the negotiations for its purchase. In that connection there is also testimony for defendant tending to show that the proximate cause of the accident was the negligence of plaintiff as operator rather than any alleged defective condition of the car at that time.

At the conclusion of the evidence defendant's motion for a directed verdict was granted by the trial justice. The grounds for the decision are in substance that plaintiff was bound by the express terms of the conditional sale contract; that in the absence of fraud or mistake he could not contradict or vary by parol evidence the apparently complete, written conditional sale contract; and that plaintiff's testimony concerning the alleged warranty related to statements made prior to or at the time of the execution of the written agreement and was not before the court because of the parol evidence rule.

The plaintiff contends in substance: (1) that the contract should not be determined from its form but according to the intent of the parties as gathered from the whole transaction, that is, from the written agreement and all the attendant circumstances; (2) that accordingly parol evidence concerning the terms, conditions, purpose and intent of the parties in entering into the contract were admissible; (3) that the written contract, which contains certain provisions in the nature of a conditional sale and others in the nature of a lien or chattel mortgage, is inconsistent and ambiguous, wherefore parol evidence was admissible to explain the intent of the parties; (4) that the trial justice erred in assuming that the agreement was a conditional sale instead of construing it against the defendant so as to be considered a lien or mortgage as security for the debt;

and (5) that in any event this court should reconsider certain previous cases on the subject matter in the light of present-day conditions and reverse them by holding that such instruments are mortgages rather than conditional sale agreements, or at least that parol evidence is admissible to establish the intent of the parties and to prevent a seller from having the advantage of inconsistent provisions and remedies.

In our opinion the trial justice on this record properly granted defendant's motion for a directed verdict. Many of the contentions and arguments in support thereof as made by plaintiff relate to questions that do not arise under the pleadings in this case. The declaration which is in two counts relies entirely on a breach of an oral warranty alleged to have been made prior to or at the time of the execution of the written agreement in question. The plaintiff seeks to prove that the sale was made by defendant on the basis of the alleged warranty as to its condition. But the evidence offered to establish such warranty admittedly was parol and would vary and contradict the terms of the written agreement in this regard. This would be clearly contrary to the well-established rule, which is one of substantive law and not merely procedural, that in the absence of fraud or mistake parol evidence ordinarily is not admissible to vary the terms of a written agreement. *Allen v. Marciano*, 79 R. I. 98, 84 A.2d 425. See also *Kuzoian v. Jaffa*, 52 R. I. 367, 370.

It is not claimed that plaintiff and his father were induced to sign the contract because of any fraud or that there was mutual mistake or that such contract depended upon satisfying a condition precedent before it would become operative. The allegation of a breach of warranty necessarily assumed that there was a valid agreement. The parties themselves have expressed their intent by a written instrument which admittedly was executed at the time or shortly after the making of the alleged warranty. In the absence of fraud or other unusual circumstances, the written

agreement which is complete became the memorial of their intent, merging or integrating all prior oral agreements relating to the subject matter. As such it may not be varied by parol evidence.

But plaintiff seeks to avoid the effect of this rule by claiming that the written instrument is ambiguous and may be explained to show the true intent. This argument is based on possible inconsistencies alleged to exist in the agreement between some provisions that partake of the nature of a conditional sale with reservation of title and others that apply more appropriately to a lien or mortgage. He also points out that under the agreement certain requirements were imposed upon the buyer which appear to be inconsistent with a reservation of title in the seller. In those circumstances he argues that the agreement, having been drawn by the seller, should be construed against the latter and be considered as a mortgage rather than a conditional sale, and that parol evidence of all the attendant circumstances would then be admissible.

In our judgment this conclusion does not follow. Similar provisions have been held to constitute an anomaly but not to make the agreement illegal or to require a construction that it constituted a mortgage. *Arnold* v. *Chandler Motors of R. I., Inc.,* 45 R. I. 469; *Hamblin, Inc.* v. *Sprague,* 50 R. I. 99. Moreover, whatever questions of construction, public policy, or equity might possibly arise, if the seller were seeking to enforce and retain relief under inconsistent provisions in such an agreement, they are not relevant here because of the pleadings in the case. The sole issue is whether there is evidence that defendant sold the Ford car with an express warranty as alleged in the declaration. As to that issue there is no ambiguity or inconsistency in the written agreement regardless of whether it is considered as a conditional sale contract or as a lien or mortgage. Therefore parol evidence of a purported sale upon an oral warranty would not be admissible to change or contradict the provisions previously quoted, which expressly state that

the Ford was accepted by plaintiff on the basis of its condition "without any express or implied warranties," unless they are included in the terms of the written contract. No such warranty is set forth in this agreement.

Finally plaintiff argues that in any event we should reexamine the cases on this subject in the light of present conditions and overrule them. We find nothing in the instant pleadings and evidence to require that extreme action. Considerable of the argument of plaintiff, as stated, deals more with questions of construction, public policy or election which might possibly arise in certain contingencies, but they are not raised by the pleadings and evidence in the instant case. So far as an alleged warranty of condition is concerned, the intent of the parties as expressed in the written agreement is clear, consistent and unambiguous, regardless of whether such instrument is considered to be a conditional sale contract or a lien or mortgage.

In our judgment the trial justice, in accordance with the general rule, properly excluded the parol evidence offered by the plaintiff to vary the express terms of the written contract. The exceptions relating thereto are overruled. Apart from such testimony there is no evidence whatever tending to show that the defendant made the warranty as alleged in the declaration. Indeed the provisions of the written instrument hereinbefore quoted show expressly that the sale was made without such warranty. In view of the allegations in the declaration, there was only one reasonable conclusion to be reached on all the evidence, and the trial justice therefore correctly granted the defendant's motion for a directed verdict.

All of the plaintiff's exceptions are overruled, and the case is remitted to the superior court for entry of judgment on the verdict as directed.

*Harold H. Winsten,* for plaintiff.

*Boss & Conlan, John T. Keenan, William R. Goldberg,* for defendant.