SUPREME WOODWORKING CO., INC. vs.

EMANUEL ZUCKERBERG et al.

JULY 30, 1954.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

Flynn, C. J. This is an action of assumpsit to recover a balance alleged to be due under an oral contract for the manufacture of certain "treadways" or pontoon bridge

equipment. After a trial in the superior court a jury returned a general verdict in favor of the plaintiff and also a special finding, and thereafter the trial justice granted the defendants' motion for a new trial on the ground of inconsistent verdicts. The case is now before us on the defendants' exceptions to the admission of certain testimony and to the denial of their motion for a directed verdict.

The plaintiff is a Rhode Island corporaton and John Mele, its president and treasurer, represented that company in all negotiations and agreements involved herein. The defendants, Emanuel Zuckerberg, Jerold Zuckerberg and George E. Drazin, at the time were partners doing business as Franklin Mfg. Company. Jerold Zuckerberg, one of the defendants, represented the partnership in all negotiations and agreements concerning the manufacture of the treadways which were the subject matter of the instant action. These articles, which were made of plywood having metal binding and "fingers" at the end to interlock into one another, were about 12 feet long, 6 inches high, and 3 feet wide, each weighing 350 to 400 pounds. They were used as pontoon equipment in forming bridges or a floor for traction over water or damp ground.

The declaration is in two counts. The first is in special assumpsit and alleges that on April 25, 1951 plaintiff and defendants through their representatives entered into an express oral agreement whereby plaintiff agreed to manufacture in accordance with certain specifications 1873 treadways for delivery by defendants to the United States government; that these were to be billed to defendants at a unit price of $67; and that if plaintiff did not make a reasonable profit at this price defendants would give an additional sum equal to one half of the net profit obtained by them from the sale of each treadway to the United States government. The second count combines the usual common counts in *indebitatus assumpsit*.

The evidence for plaintiff, so far as it relates to the alleged oral agreement, was presented wholly through its official representative John Mele. He testified in substance and effect that the parties had previous business relations concerning the manufacture of other products; that defendant Zuckerberg invited him to figure on a prospective United States government order for 1873 treadways in accordance with certain specifications; that his estimated cost of $85.64 per treadway was considered too high by Zuckerberg; that on April 25, 1951 the parties finally agreed orally that if plaintiff would manufacture the treadways and bill them to defendants at $67 each, both parties could make a profit out of the order, which defendants seemed to be certain of obtaining; that in any event if plaintiff would agree to manufacture and bill such treadways at the rate of $67 each and it turned out that plaintiff did not make a reasonable profit therefrom, defendants would pay to it one half the net profits realized on the order for that number of treadways which were to be sold to the United States government.

Mele testified further that relying on the above-mentioned oral understanding he signed defendants' written purchase order; that plaintiff performed the contract and billed the treadways at $67 each; that later this unit price was admittedly adjusted to $62.50, he feeling that in any event defendants under the oral agreement would make good any loss; and that plaintiff lost money on the transaction whereas defendants made a large profit from the sale thereof.

On the other hand defendant Zuckerberg denied the alleged oral understanding and agreement and presented a written purchase order admittedly signed by Mele, as the sole contract, subject only to the admitted adjusted price. That instrument, which is in evidence as defendants' exhibit A, reads as follows:

"Purchase Order
Franklin Mfg., Company
530 North Main Street
Providence 4, Rhode Island

To Supreme Woodworking Company
   37 Wilson Street
   Providence, Rhode Island

Date   June 29, 1951
Purchase Order   No. 1274
Delivery Date   as of June 15,
                      Complete within
Ship Via           90 days

| Part No. | Quantity | Description | Unit | Total |
|----------|----------|-------------|------|-------|
| | 1873 | Treadways Army Engineers Spec. | 67.00 ea | |
| | | | | 124,491.00 |

All metal parts will be furnished by Franklin Mfg., Company. All Wood parts by Supreme Woodworking Co. Paint by Franklin Mfg., Company. Painting and complete manufacture of treadway to be done by Supreme Woodworking Company. Returns and rejections to be the obligation of Supreme Woodworking Company. Entire units must meet Specifications U. S. Army Engineers.

Franklin Mfg., will assume shipping costs to destination.

Suppliers Acceptance            Issued By:
                                        [signed] Normand J. Boutin
Signed By:
    [signed] John Mele           Date

This Order Not Valid Unless Signed And Returned."

The defendants also presented evidence that the order from the United States government for these treadways was obtained only after competitive bidding; that such bids were not awarded until May 21; and that although plaintiff claimed that the alleged agreement was entered into orally on April 25, 1951, the defendants did not sign the contract with the government concerning the same subject matter until June 2, 1951.

It is evident that without the testimony of Mele concerning such alleged oral agreement, there was no material issue for the jury to determine. However, on the theory of plaintiff's declaration, bill of particulars, evidence and contention, the trial justice over objection by defendants permitted the jury to determine whether the actual agreement of the parties was in accordance with the oral agreement as alleged

by plaintiff or with the signed written purchase order and acceptance as claimed by defendants.

In the circumstances before us the controlling question involves the application of the parol evidence rule. It is well established here as elsewhere that, in the absence of fraud or mistake, parol or extrinsic evidence is not admissible to vary, alter or contradict a written agreement. This court stated in *Myron* v. *Union R. R.*, 19 R. I. 125, 126: "The purpose of the rule is to enable parties to make their written contracts the only evidence of their undertakings and to protect themselves against the hazard of uncertain oral testimony in respect to their engagements."

Under such rule a complete written agreement merges and integrates all the pertinent oral negotiations made at the time or prior thereto and ordinarily may not be varied or contradicted by parol evidence. *Park Construction Co.* v. *Moran*, 74 R. I. 149; *Quinn* v. *Bernat*, 80 R. I. 375, 97 A.2d 273. Moreover we have held that the parol evidence rule is not a mere procedural rule of evidence but is a rule of substantive law. *Phillips* v. *Columbus Wholesale Grocery Co.*, 60 R. I. 47; *Allen* v. *Marciano*, 79 R. I. 98.

On the other hand this court, in harmony with generally-accepted principles, has recognized certain so-called exceptions to the general rule. Under such exceptions parol or extrinsic evidence is admissible, for example, to complete or clarify an instrument which appears on its face to be incomplete or ambiguous, or to show a condition precedent on which the existence of a written contract depends. *Myron* v. *Union R. R.*, *supra*; *Putnam Foundry & Machine Co.* v. *Canfield*, 25 R. I. 548; *Allen* v. *Marciano*, *supra*. However, while such parol evidence is admissible to show a condition precedent in order to establish that no valid contract came into existence, it is not admissible to show a condition subsequent which would nullify or modify an existing agreement. *Allen* v. *Marciano*, *supra*. This is especially true where the condition subsequent to be added by parol

evidence directly varies or contradicts the obligation itself or the consideration expressly stated and accepted in the written agreement. *Gardner* v. *Chace*, 2 R. I. 112. See also *Flint Motor Sales, Inc.* v. *Crofton*, 54 R. I. 160.

In the instant case we find nothing in the record to bring it under any of these well-established exceptions to the general rule. The purchase order is complete and unambiguous. It is signed by the duly authorized representatives of the parties and nothing properly appears in the nature of the transaction or from such writing to indicate that it was dependent on a condition precedent or that it was not intended to be the whole agreement of the parties.

In such circumstances, if a party by merely offering contradictory parol evidence may create an issue for the jury as to whether the alleged oral agreement or the written instrument is the true contract, then the stated purpose of a rule of substantive law would be easily and completely defeated. It seems to us that the reasoning and arguments to support the theory of the case, as presented by the plaintiff's contention and by some of the cited cases, work in a circle and involve a fundamental fallacy. The issue here is whether the parol evidence should have been allowed at all in the first instance, in view of the admittedly signed offer and acceptance that is complete on its face, and not what the effect of such evidence might be after it had been admitted over objection.

The plaintiff did not bring this action on the basis of any claim of fraud, accident, mistake, or unusual circumstance. No Rhode Island case is cited to support its contention, and we have not found any to authorize such an extension of the exceptions to the parol evidence rule where the written agreement is clear, complete, and signed by both parties and does not depend on a condition precedent. We have also examined many cases presented by plaintiff from other jurisdictions. Certain language therefrom is quoted in its brief but an examination of those cases will show that they pre-

254

sented issues which could well be decided within the recognized exceptions to the general rule or that they are distinguishable upon their facts from the instant case.

In our opinion therefore the introduction of parol or extrinsic evidence to vary and contradict the written signed offer and acceptance, which is complete and absolute in its terms, by substituting another consideration which is wholly different and conditional was erroneous, and accordingly defendants' motion to strike such testimony should have been granted. Since there is no other evidence in the record which would reasonably present a material issue for determination by the jury, we think that it was error to deny defendants' motion for a directed verdict.

The defendants' exceptions to the denial of their motion to strike such parol evidence and to the denial of their motion for a directed verdict are sustained, and on October 4, 1954 the plaintiff may appear before this court and show cause if any it has why the case should not be remitted to the superior court with direction to enter judgment for the defendants.

*Walter J. Hennessey*, for plaintiff.

*Tillinghast, Collins & Tanner, Thomas R. Wickersham*, for defendants.