**In re BELMONT REALTY CORPORATION, Debtor.**

**BELMONT REALTY CORPORATION, Plaintiff,**

**v.**

**RHODE ISLAND HOSPITAL TRUST NATIONAL BANK, Defendant.**

**Bankruptcy BK No. 89–10863. Adv. No. 90–1007.**

United States Bankruptcy Court, D. Rhode Island.

June 20, 1990.

See also, Bkrtcy., 113 B.R. 118.

John F. Cullen, Cullen & Resnick, Boston, Mass., for debtor/plaintiff.

Robert D. Wieck, Adler, Pollock & Sheehan, Inc., Providence, R.I., for defendant.

## DECISION AND ORDER

ARTHUR N. VOTOLATO, Jr., Bankruptcy Judge.

Before the Court for determination is Rhode Island Hospital Trust National Bank's Motion to Dismiss Belmont Realty Corporation's multi-count Complaint seeking monetary damages.

Upon consideration of the memoranda submitted in support of and in opposition to said motion, and assuming as we must the truth of the allegations in the complaint, pursuant to FED.R.CIV.P. 12(b)(6), we con-

clude that the plaintiff's complaint does not state a claim upon which relief can be granted. The reasons for this ruling are as follows:

■ 1. The Bank raises the Statute of Frauds as an affirmative defense to Belmont's allegations. That statute provides, in pertinent part, that "[n]o action shall be brought: ... Whereby to charge any person upon any agreement which is not to be performed within the space of one (1) year from the making thereof; unless the promise or agreement upon which such action shall be brought, or some note or memorandum thereof, shall be in writing, and signed by the party to be charged therewith, or by some other person by him thereunto lawfully authorized." R.I.GEN. LAWS § 9–1–4 (1956) (1985 Reenact.).

The debtor's complaint does not set forth, as it must, a specific time period within which the alleged oral agreement between the Bank and Belmont was to be performed[1]. Therefore, on the face of the pleadings as presently drafted, the debtor has failed to state a claim upon which relief can be granted, and accordingly, said complaint should be and is dismissed, pursuant to FED.R.CIV.P. 12(b)(6).

■ In addition, Hospital Trust requests that we consider matters outside the pleadings, namely the deposition testimony of Elizabeth Bogosian, and to treat its pleading as a motion for summary judgment, pursuant to FED.R.CIV.P. 56(c). In her deposition, Ms. Bogosian testified that it would take a year, year-and-a-half to complete all of the approvals needed for the project. (Deposition of Elizabeth Bogosian, dated January 10, 1990, p. 52, lines 4–11.) This one to one and one-half year period fails to include the time required to construct and sell the condominium units. Therefore, even reading the allegations in the complaint most favorably to the plaintiff, and without any material facts in dispute, we must conclude that the alleged agreement was not susceptible to performance within one year. Based on this ruling,

and in lieu of a written memorandum or agreement, it is clear that Belmont has failed to overcome the Statute of Frauds problem, that Hospital Trust is entitled to summary judgment as a matter of law, and it is so ordered.

■ Hospital Trust also seeks dismissal on the ground that the complaint is defective based upon the parol evidence rule. The introduction of extrinsic evidence to show the existence of an oral agreement made contemporaneously with and in contradiction of a written instrument, in the absence of fraud or mistake, violates the parol evidence rule. *Supreme Woodworking Co. v. Zuckerberg*, 82 R.I. 247, 107 A.2d 287 (1954); *Lisi v. Marra*, 424 A.2d 1052 (R.I.1981).

■ Belmont, however, contends that the alleged oral agreement with Hospital Trust constitutes a "condition precedent", and as such, falls within an exception to the parol evidence rule. *See Allen v. Marciano*, 79 R.I. 98, 84 A.2d 425 (1951). "Where testimony does not admit the existence of a completed agreement in writing to which it is sought to annex an oral condition but rather is to the effect that such writing was not to come into existence at all unless and until a certain event orally agreed upon happened, such testimony ... [is] a condition precedent and is admissible." *Allen, supra* at 102, 84 A.2d 425.

Based upon the facts alleged in the complaint, we reject the debtor's contention that a condition precedent exists in this instance. On June 2, 1987, Hospital Trust loaned Belmont $1,200,000, and Belmont gave the Bank a demand note. Without question, both the loan and the note came into existence on June 2, 1987, and the obligation to pay was not contingent upon whether the note was called at the time alleged by Belmont in the oral agreement. Thus, the alleged oral agreement falls clearly into the category of a "condition subsequent", which does not qualify as an exception to the parol evidence rule. "This

---

**1.** The Complaint alleges that the Bank agreed not to call the demand note until the completion

and sale of the entire condominium project.

**24**

is especially true where the condition subsequent to be added by parol evidence directly varies or contradicts the obligation itself or the consideration expressly stated and accepted in the written agreement." *Supreme Woodworking Co., supra* 82 R.I. at 252–253, 107 A.2d 287. Belmont does not argue that the loan was not made by Hospital Trust, or that the debtor does not have a legal obligation to pay (at some time) the amount set forth in the promissory note. Instead, Belmont is seeking to alter the demand nature of the promissory note, and to insert a new and different repayment provision, in direct contradiction of the terms of the written agreement. We find this to be a condition subsequent, under Rhode Island law, and conclude that its admission would be barred at trial by the parol evidence rule. *See* i.e., *Allen, supra.* Therefore, to the extent that the complaint alleges facts barred by the parol evidence rule, dismissal is likewise appropriate.[2]

■ 3. Lastly, in its memorandum in opposition to the Motion to Dismiss, Belmont argues that the Bank's motion is premature, because "only through discovery will it be able to determine whether a written document exists which memorializes the alleged agreements." A motion to dismiss addresses only the allegations in the complaint, and Hospital Trust cannot be required to defend this adversary action through lengthy discovery, when it has clearly established grounds for dismissal on the present pleadings. It is neither the Bank's burden nor the Court's function to permit Belmont to determine whether it may have a cause of action, only after extensive discovery. We feel that the purpose of discovery is to permit thorough preparation for trial—not to determine whether the plaintiff has a cause of action. Accordingly, for all of the reasons stated above, it is ORDERED that Rhode Island Hospital Trust National Bank's Motion to

Dismiss and Motion for Summary Judgment are both GRANTED.

Enter Judgment accordingly.

---

**2.** A second exception to the parol evidence rule is where a claim is based on fraud in the procurement of the written instrument. *See Supreme Woodworking Co., supra.* In its complaint, Belmont alleges a claim against Hospital Trust based upon fraud. If not for our ruling above, finding a violation of the Statute of Frauds, this claim would survive Hospital Trust's Motion to Dismiss on parol evidence grounds.