Joseph C. ROTELLA and Alice Rotella

v.

BOCA RATON HOTEL & CLUB

No. 94–433–A.

Supreme Court of Rhode Island.

April 20, 1995.

Joseph Rotella, Frank Lombardi.

Michael Civittolo.

### ORDER

This case came before a hearing panel of the Supreme Court on April 18, 1995, pursuant to an order that directed the plaintiffs, Joseph C. Rotella and Alice Rotella, to appear and show cause why their appeal should not be summarily denied and dismissed. The plaintiffs have appealed an order dismissing their complaint against the defendant, Boca Raton Hotel and Club.

After hearing the arguments of counsel and reviewing the memoranda filed by counsel for the parties, this court concludes that cause has not been shown and the case will be decided at this time.

On July 14, 1992, plaintiffs, Rhode Island residents, filed a complaint in Rhode Island Superior Court against defendant, a limited partnership that owns and operates a hotel in Florida. The plaintiffs alleged that, on August 14, 1989, Mr. Rotella slipped and fell on a walkway located on defendant's premises. Mr. Rotella sought damages for injuries caused by defendant's alleged negligence, and Mrs. Rotella sought damages for loss of consortium.

On July 23, 1992, David A. Jayne (Jayne), who was believed to be defendant's registered agent, was served by mail with a summons and complaint. In August 1993, however, plaintiffs learned that Jayne was not the registered agent for defendant and on December 20, 1993, plaintiffs perfected service on defendant's correct registered agent. The defendant then filed motions to dismiss plaintiff's complaint for insufficient service of process under Super.R.Civ.P. 4 and for lack of personal jurisdiction.

On June 9, 1994, a hearing was held and defendant's motion to dismiss was granted. The trial justice found that plaintiffs had failed to properly effectuate service of process on defendant and reasoned that plaintiff's service upon defendant, thirteen months after filing the complaint, was not notice within a reasonable time. The trial justice also found that the court lacked personal jurisdiction over defendant on the grounds that defendant's contacts with Rhode Island were insufficient to confer jurisdiction. He rejected plaintiffs' argument that by filing discovery defendant had waived service of process and personal jurisdiction.

On appeal, plaintiffs raised several issues, the first regarding service of process. The plaintiffs' honest, but mistaken, belief that service of process had taken place on July 14, 1992, may have been an excusable reason for delay if service of process had occurred when plaintiffs were made aware of the error in August 1993. However, it was not until December 20, 1993, that plaintiffs' attorney perfected service on defendant's actual registered agent. This four month delay is both unreasonable and inexcusable, *see Curtis v. Diversified Chemicals and Propellants Company*, 440 A.2d 747, 749 (R.I.1982) (Murray, J., *concurring in part and dissenting in part*) (four to seven month delays unreasonable and inexcusable). Therefore the trial justice did not abuse his discretion in dismissing plaintiffs' complaint for failure to properly effectuate service of process on defendant.

We next address plaintiff's argument that defendant acquiesced to the court's jurisdiction by filing discovery. It is well-settled that to be subjected to suit in Rhode Island, the nonresident defendant must have "mini-

mum contacts" with this state and must have "purposefully availed itself of the privileges, benefits, and protections of the forum state." *McKenney v. Kenyon Dye Works, Inc.*, 582 A.2d 107, 108 (R.I.1990). In arguing that sufficient minimum contacts existed, plaintiffs relied primarily on the fact that defendant advertised in national publications that were distributed in Rhode Island and accepted reservations from Rhode Island travel agents. We conclude that these facts do not establish "a continuous, substantial solicitation and transaction of business in Rhode Island by the defendant," *Del Sesto v. Trans World Airlines, Inc.*, 201 F.Supp. 879 (D.R.I. 1962), and we disagree with plaintiffs' contention that defendant acquiesced to the court's jurisdiction by filing discovery.

We have examined plaintiffs' remaining issues and find them to be without merit.

It is well-settled that this court will not disturb the findings of a trial justice unless it can be shown that he or she overlooked or misconceived relevant and material evidence or was otherwise clearly wrong. *Cerilli v. Newport Offshore, Ltd.*, 612 A.2d 35, 39 (R.I. 1992). We are of the opinion that the trial justice was not clearly wrong in dismissing the complaint and in granting defendant's motion to dismiss for lack of personal jurisdiction.

Consequently, we deny and dismiss this appeal and affirm the decision of the Superior Court to which we return the papers in this case.

SHEA, J., did not participate.