Francisco JARAMILLO

v.

CATHERN & SMITH, INC.

No. 96–622–A.

Supreme Court of Rhode Island.

Sept. 22, 1997.

Robert V. Russo, Providence.

James H. Reilly, Providence.

**ORDER**

This matter is here on the plaintiff's appeal from the dismissal of his complaint pursuant to Super.R.Civ.P. 41(b)(2) for failure to serve the defendant within a reasonable time. After consideration of the prebriefing materials, this case was assigned to the full court for a session in conference in accordance with Rule 12A(3)(b) of the Supreme Court Rules of Appellate Procedure.

This court reviews a Superior Court justice's dismissal of a complaint for failure to serve process within a reasonable time to determine whether the justice abused his or her discretion. *See Curtis v. Diversified Chemicals and Propellants Co.*, 440 A.2d 747 (R.I.1982). In *Curtis*, this court found no abuse of discretion on the part of the Superior Court justice who had dismissed the plaintiff's complaint based on delays of between four months and seven months in serving various defendants.

In the case now before us, the complaint was filed on April 20, 1995. Despite the fact that the defendant's correct name and address were included in the complaint, the defendant was not served until mid-September 1995. The plaintiff has asserted that the nearly five-month delay between the filing of the complaint and service on the defendant was reasonable because his attorneys were continuing to investigate whether the named defendant was, in fact, the proper party. We disagree with the plaintiff's contentions. Under both the former Rule 41(b)(2) and its present amended version, we find the reasoning of *Curtis* to be compelling in the case before us. *See Ricci v. Ricci*, 689 A.2d 1051 (R.I.1997); *Rotella v. Boca Raton Hotel & Club*, 657 A.2d 1073 (R.I.1995) (mem.).

We have carefully considered the record in this case and the arguments of the appellant, and, for the reasons stated above, we find no abuse of discretion on the part of the Superior Court justice. Consequently, the appeal is denied and dismissed. The papers may be remanded to the Superior Court.