Joi RANSOM

v.

**Rogiero DaLOMBA and Domingo DaLomba.**

No. 99–520–A.

Supreme Court of Rhode Island.

May 19, 2000.

Christopher E. Fay, Cranston, Andrew Alberino, Providence.

John B. Reilly, Warwick, Richard Morse Lord, Westport, MA.

## ORDER

The plaintiff, Joi Ransom, appeals from the dismissal of her complaint for failure to serve process within 120 days pursuant to Super.R.Civ.P. 4(*l*). Following a prebriefing conference conducted in accordance with Supreme Court 12A, this case was referred to the full Court for possible disposition without oral argument. Having reviewed the materials in the record and the arguments made by the parties, we proceed to decide this case at this time.

Plaintiff filed a complaint against the defendants, Rogiero DaLomba and Domingo DaLomba, on December 21, 1998, in which she alleged that a motor vehicle owned by one defendant had been operated negligently by the other defendant, so as to collide with her own vehicle. Service, however, was not effectuated until May 21, 1999, 151 days after the complaint was filed. According to plaintiff, the delay was caused in part because, when the summons was first prepared, the preparer mistakenly typed Providence rather than Pawtucket in the address. This error was compounded, according to plaintiff, when her attorney's secretary left work unexpectedly due to problems with her pregnancy. It was not until May that plaintiff's attorney noticed the error in the address, corrected it, and had the papers served on the defendants.

The plaintiff argued on appeal, as she did before the hearing justice, that the delay was caused by mistake, surprise, inadvertence, and excusable neglect. She suggests that the secretary's sudden medical emergency constituted good cause for the delay. The hearing justice rejected these arguments. So do we. Rule 4(*l*) provides that if good cause is not shown for the untimely service of process, the action shall be dismissed without prejudice. In this case, plaintiff had the correct address for the defendants at the time she filed the complaint, and that address never changed. The typographical error on the summons does not excuse the failure to serve process within the 120 days. Nor does the secretary's medical leave. As the hearing justice noted, plaintiff had several months after service was first attempted before the secretary went on leave.

Under the former version of Rule 4(*l*), we have upheld the dismissal of cases for failure to serve process within a reasonable time in somewhat similar circumstances. *See, e.g., Brophy v. Schuldner,* 692 A.2d 693 (R.I.1997) (mem.) (delay of six months unreasonable when plaintiff knew at time of accident that defendant was college student with permanent address in New Jersey); *Ricci v. Ricci,* 689 A.2d 1051 (R.I.1997) (per curiam) (delay of seven and one half months unreasonable when only excuse was that defendant was elderly woman who would not open door to unknown constable). We review the dismissal of a complaint for failure to serve process within the appropriate time under an abuse of discretion standard. *See Jaramillo v. Cathern & Smith, Inc.,* 701 A.2d 817, 817 (R.I.1997) (mem.). We find no

abuse of discretion in the hearing justice's ruling in the case at bar.

For the reasons stated, we deny and dismiss the appeal. The papers are remanded to the Superior Court.