Landy PAOLELLA

v.

RADIOLOGIC LEASING
ASSOCIATES et al.

No. 99–526–Appeal.

Supreme Court of Rhode Island.

April 18, 2001.

Paul T. DiCristofaro, Providence, for Plaintiff.

Thomas Michael Bruzzese, Warwick, for Defendant.

Present: WILLIAMS, C.J., LEDERBERG, BOURCIER, FLANDERS and GOLDBERG, JJ.

OPINION

PER CURIAM.

The parol-evidence rule and the law-of-the-case doctrine are at issue on this appeal. The defendants, Radiologic Leasing Associates, Steven P. Burns, William F. Coscina, Anthony G. Bruzzese, James Osmanski and M. Julie Armada, appeal from a partial grant of summary judgment in favor of the plaintiff, medical doctor Landy Paolella. A Superior Court motion justice granted summary judgment solely on the issue of liability, leaving assessment of damages for a later date. On appeal from a judgment that entered pursuant to Rule 54(b) of the Superior Court Rules of Civil Procedure,[1] the defendants contend that the motion justice erred in deciding that the parol-evidence rule barred the court from considering certain affidavits they had presented in opposition to the motion. They also contend that the law-of-the-case doctrine should have prevented the motion justice from granting summary judgment after he had denied a previous summary-judgment motion. Following a prebriefing conference, a single justice of this Court directed the parties to show cause why the appeal should not be summarily decided. No cause having been shown, we proceed to resolve the appeal at this time.

On or about August 1, 1994, plaintiff signed a partnership agreement to join the existing partners of Radiologic Leasing Associates (RLA). According to defendants, RLA was a partnership created to hold the medical equipment and real property of the partners' medical practice. At the same time plaintiff became a partner in RLA, he also became a shareholder of Toll Gate Radiology, Inc. (TGR). The de-

---

1. For the purposes of this appeal, we shall assume, without deciding, that the entry of a

Super. R. Civ. P. 54(b) judgment was proper in the circumstances of this case.

fendants explain that TGR constituted the actual medical practice of the partners in which the doctors shared profits and expenses. The defendants state that plaintiff has already been paid his fair share of TGR's profits.

In July 1995, plaintiff withdrew from TGR. The plaintiff's withdrawal was effective on January 31, 1996, at which time he sold his shares in TGR. The plaintiff was also terminated from RLA effective January 31, 1996. The plaintiff states that this termination was for cause under Article 20 of the RLA agreement because he no longer held shares in TGR. As a result, plaintiff argues, he is entitled to his share of the appraised value of RLA pursuant to Article 22 of the RLA agreement.

On September 5, 1996 plaintiff filed this action. Later, in June 1997, he filed a motion for summary judgment arguing that, pursuant to Article 19 of the RLA partnership agreement, he was required to offer to sell his share of the partnership to the remaining partners. According to plaintiff, the remaining partners then were required to appraise the value of the partnership and pay him his fair share. After the Superior Court held a hearing, a motion justice denied the motion.

After further discovery concluded, plaintiff filed a second motion for summary judgment approximately seven months later. This time he requested summary judgment pursuant to Articles 20 and 22 of the agreement. Based upon a letter from defendants dated September 15, 1995 and tax materials discovered from defendants, plaintiff argued that he had been terminated from the RLA partnership under the terms of Article 20. Therefore, he argued, defendants were required to appraise the value of the partnership and to transfer to him the value of his partnership interest in accordance with the formula set out in Article 22 of the RLA agreement. The

parties held a hearing on this second motion for summary judgment before the same motion justice who had denied the earlier motion. At the hearing, plaintiff's counsel explained that this second motion differed from the earlier one because subsequent discovery had revealed that plaintiff was terminated from the RLA partnership after selling his shares in TGR. He averred that the previous summary judgment motion had relied solely upon Article 19 of the agreement, a non-mandatory provision that concerned a partner's offering to sell his partnership interest to the other partners. The defendants conceded that the RLA agreement was clear and unambiguous in triggering the transfer that plaintiff sought, but they argued that the partners had entered into a previous oral understanding that a partner would not receive a share of RLA upon his or her withdrawal or termination. They sought to submit affidavits from past and present partners stating that RLA's partners understood and agreed that no one would receive the value of their RLA interest upon leaving the partnership.

The motion justice granted plaintiff's second motion for summary judgment. After barring the introduction of defendants' affidavits because of the parol-evidence rule, he then granted summary judgment in favor of plaintiff only on the issue of liability. He deferred consideration of damages in the event the parties agreed to designate someone to appraise the value of the partnership. Otherwise, damages would be determined through a trial held at a later date. An order granting summary judgment and providing for judgment on the issue of liability entered, and defendants appealed.

■ On appeal, defendants argue that the law-of-the-case doctrine prevented the motion justice from granting plaintiff's second motion for summary judgment. They

contend that there was no real difference between plaintiff's two motions for summary judgment and that the motion justice was bound by his denial of the earlier motion. Also, they suggest, the additional discovery conducted by plaintiff after the first motion for summary judgment did not expand the record enough to warrant entertaining the second motion for summary judgment. Additionally, defendants maintain, the motion justice improperly excluded defendants' affidavits detailing the partners' oral understanding about the division of RLA's assets. The defendants suggest that these affidavits were admissible to aid in interpreting the intent of the RLA agreement, even where that agreement is unambiguous. They argue that the partners' oral understanding clearly established that a partner would not obtain a share of RLA's value upon leaving the partnership.

The plaintiff counters by asserting that the two summary-judgment motions dealt with different issues: the first motion addressed a non-mandatory provision in the agreement concerning a partner's offer to sell his interest to the remaining partners; whereas the second motion focused upon the requirements of the agreement when a partner is terminated from the partnership for cause. The plaintiff asserts that in this latter context, the agreement unambiguously establishes that he is entitled to the monetary value of a one-seventh interest in the partnership in these circumstances. He points out that defendants have conceded that the agreement is clear and unambiguous in this respect. He also argues that the parol-evidence rule barred the admission of the affidavits proffered by defendants because they attempted to vary the written agreement by an alleged prior oral understanding of the parties.

■ "Under the law of the case doctrine, 'ordinarily, after a judge has decided an interlocutory matter in a pending suit, a second judge, confronted at a later stage of the suit with the same question in the identical manner, should refrain from disturbing the first ruling.'" *Commercial Union Insurance Co. v. Pelchat*, 727 A.2d 676, 683 (R.I.1999) (quoting *Salvadore v. Major Electric & Supply, Inc.*, 469 A.2d 353, 355–56 (R.I.1983)). The law-of-the-case doctrine, however, should not be used to perpetuate a clearly erroneous earlier ruling. *In re Estate of Speight*, 739 A.2d 229, 231 (R.I.1999) (per curiam).

Here, the law-of-the-case doctrine does not apply to this situation because the two motions for summary judgment did not present "the same question in the identical manner" to the motion justice. The first motion for summary judgment rested on Article 19 of the RLA agreement. Then, after obtaining more discovery, plaintiff ascertained that he had actually been terminated for cause under Article 20 of the agreement. Therefore, he moved a second time for summary judgment relying upon this different provision of the agreement and upon the new factual circumstances revealed by subsequent discovery.

■ The parol-evidence rule provides that "parol or extrinsic evidence is not admissible to vary, alter or contradict a written agreement." *Supreme Woodworking Co. v. Zuckerberg*, 82 R.I. 247, 252, 107 A.2d 287, 290 (1954). We have stated, however, that "[i]n interpreting unambiguous contracts, we 'consider the situation of the parties and the accompanying circumstances at the time the contract was entered into, not for the purpose of modifying or enlarging or curtailing its terms, but to aid in the interpretive process and to assist in determining its meaning.'" *W.P. Associates v. Forcier, Inc.*, 637 A.2d 353, 356 (R.I.1994).

■ The affidavits proffered by defendants fell within the parol-evidence rule because they did not merely aid in determining the intent of the parties. On the contrary, they directly contradicted the plain language of the agreement. The agreement calls for payment of a partner's share in the partnership upon termination of that partner and sets out a detailed payment formula. According to the affidavits, however, the partners had a prior oral understanding that no partner would be distributed a share of the partnership in these circumstances. The agreement's title—"Radiologic Leasing Associates Amended and Restated Partnership Agreement"—indicates that the agreement applied to the property held by RLA. Because the alleged prior oral understanding sought to modify the written agreement, it was barred from admission into evidence by the parol-evidence rule. The clear, unambiguous terms of the RLA agreement that refer to the RLA partnership undercut defendants' position on this point. The provisions on distributing a partner's share make no exception for medical equipment or RLA's real property. Therefore, the motion justice did not err in excluding defendants' affidavits.

■ "In reviewing a summary judgment, this [C]ourt is bound to employ the same standard used by the trial justice." *Superior Boiler Works, Inc. v. R.J. Sanders, Inc.*, 711 A.2d 628, 631 (R.I.1998). The motion justice "must refrain from weighing the evidence or passing upon issues of credibility." *Doe v. Gelineau*, 732 A.2d 43, 48 (R.I.1999). Summary judgment may only be granted when there are no issues of material fact in dispute, with all reasonable inferences drawn in favor of the nonmoving party, and when the moving party is entitled to prevail as a matter of law. *Id.; Superior Boiler Works, Inc.*, 711 A.2d at 631–32. The movant bears the

burden of demonstrating the absence of facts in dispute, and if the movant satisfies this burden, the non-movant must put forward evidence showing a disputed issue of material fact. *Id.* "However, the opposing part[y] will not be allowed to rely upon mere allegations or denials in [his or her] pleadings. Rather, by affidavits or otherwise [he or she has] an affirmative duty to set forth specific facts showing that there is a genuine issue of material fact." *Bourg v. Bristol Boat Co.*, 705 A.2d 969, 971 (R.I.1998).

Based upon the clear language of the RLA agreement, the motion justice correctly ruled that the defendants were liable to the plaintiff for the value of his share of the partnership. The defendants did not put forth any competent evidence to dispute the plaintiff's claim. Hence, we deny the defendants' appeal, affirm the summary judgment, and remand this case to the Superior Court for further proceedings consistent with this opinion.