Edward GUCFA

v.

Brenda J. KING et al.

No. 2003–624–Appeal.

Supreme Court of Rhode Island.

Jan. 28, 2005.

Richard C. Bicki, Providence, for Plaintiff.

Melody A. Alger, for Defendant.

Present: WILLIAMS, C.J., GOLDBERG, FLAHERTY, SUTTELL, and ROBINSON, JJ.

## OPINION

PER CURIAM.

The plaintiff, Edward Gucfa, appeals from the dismissal of his complaint for failure to serve process within 120 days pursuant to Rule 4(l) of the Superior Court Rules of Civil Procedure. Counsel for the parties appeared before us to show cause why the issues raised by this appeal should not be determined without further briefing and argument. Having reviewed their oral and written submissions, we perceive no cause, and proceed to summarily decide the issues raised by the plaintiff at this time.

### Facts and Travel

The defendants, Brenda King and Catherine Koebel,[1] jointly owned property in the Town of New Shoreham (Block Island). On October 24, 1998, plaintiff was injured while doing construction work on the property when a staircase railing on the property collapsed. Soon after the accident, defendants' liability insurance

---

1. The Town of New Shoreham and John Doe, individually and in his capacity as Town of New Shoreham Building Inspector, were also named as defendants, but there is no indication in the record that these defendants ever were served or that plaintiff ever attempted service. They are not parties to this appeal.

carrier contacted plaintiff through his counsel. There is no record of any further correspondence, however, until plaintiff filed a civil action alleging that defendants had negligently breached a duty to maintain their property in a reasonably safe condition. On December 5, 2001, plaintiff's attorney forwarded a copy of the complaint to defendants' insurance agent and requested the defendants' proper address. This request went unanswered, however. On January 29, 2002, plaintiff attempted to serve defendants, by certified mail, addressed to what he believed to be their shared address in New Jersey. Both mailings were returned unclaimed on February 16, 2002. The defendant King's envelope and return receipt included a handwritten forwarding address when returned by the post office. On February 22, 2002, the 120–day period within which defendants must be served, as provided by Rule 4(l), expired.

In April 2002, defendants' counsel filed a motion to dismiss for failure to comply with Rule 4(l). Counsel indicated that he was appearing specially to contest jurisdiction. The motion was heard on October 21, 2002, at which time plaintiff's attorney informed the court that defendants' current addresses had been discovered, and he requested an additional forty-five days to serve defendants. The following colloquy took place during the hearing:

"[Plaintiff's attorney]: * * * I would ask this Court for 45 days to effectuate service.

"THE COURT: Why 45 days? You can do it in a week.

"[Plaintiff's attorney]: Well, your Honor, I would—

"THE COURT: Get a constable out there and get them served.

"[Plaintiff's attorney]: Your Honor, I mean, given the vagaries of their loca-tions at this point, I will do my best to get them served.

"THE COURT: They still own the property on Block Island?

"[Plaintiff's attorney]: Your Honor, there is some question as to whether they do own that property.

"THE COURT: What kind of question?

"[Plaintiff's attorney]: On Block Island, the property was up for sale, I was told.* * * It was the last information I had, and I don't know that the sale—that a sale has gone through. That's why I say the—

"THE COURT: There is a town clerk's office on Block Island.

"[Plaintiff's attorney]: Yes, there is.

"THE COURT: A phone call, you can talk to the county clerk.

"[Plaintiff's attorney]: Yes, your Honor. Your Honor, I would be happy to.

"THE COURT: I'll continue the motion to December 16th. Do what you have to do."

Both defendants then were served personally; defendant King, on November 6, 2002, at the forwarding address given when the original mailing was returned unclaimed, and defendant Koebel, on November 15, 2002, at the address where the original service was attempted.

The motion that originally had been continued to December 16, 2002, was passed on that date and apparently never was reassigned. The defendants, however, filed several similar motions to dismiss, and the matter eventually was heard, on September 15, 2003, before a second motion justice. The plaintiff argued that the first motion justice had granted him additional time to serve defendants. The second motion justice noted, however, that no written order had been entered after the hearing on October 21, 2002, and that the

first motion justice's oral ruling was not clear. Finding plaintiff's efforts to effectuate timely service unreasonable, the second motion justice granted defendants' motion to dismiss, stating:

> "I'm troubled by the wording of Rule 4(*l*) because it appears that I have no discretion, and I recognize that that means that this case is probably going up, but I'm going to follow the clear language of Rule 4(*l*) which says: 'This action shall be dismissed.' I'll dismiss it without prejudice. I'm cognizant of what affect that has to you."

An order was entered on September 18, 2003, and plaintiff filed a notice of appeal on September 26, 2003.[2]

On appeal, plaintiff advances two arguments. First, he argues that the second motion justice misinterpreted and misapplied Rule 4(*l*). He contends that the justice erred by holding that the language of Rule 4(*l*) deprived him of any discretion, and also by failing to make a finding on good cause. The plaintiff further asserts that the second motion justice erred by failing to find good cause because he ignored evidence that defendants may have evaded service and because there was no showing of any prejudice to defendants.

Second, plaintiff asserts that the second motion justice violated the law of the case doctrine by acting contrary to the ruling of the first motion justice who had previously "ordered [plaintiff's] counsel to serve process as soon as possible."

### Standard of Review

■ "We review the dismissal of a complaint for failure to serve process within the appropriate time under an abuse of discretion standard." *Ransom v. DaLomba*, 755 A.2d 840, 840 (R.I.2000) (mem.) (citing *Jaramillo v. Cathern & Smith, Inc.*, 701 A.2d 817, 817 (R.I.1997) (mem.)). The interpretation of court rules is a question of law. *See Cabral v. Arruda*, 556 A.2d 47, 49 (R.I.1989). "Questions of law * * * are reviewed *de novo* by this Court." *Granoff Realty II Limited Partnership v. Rossi*, 833 A.2d 354, 361 (R.I.2003) (quoting *Nassa v. Hook–SupeRx, Inc.*, 790 A.2d 368, 370 (R.I.2002)).

### Analysis

■ Rule 4(*l*) requires service of the summons and complaint to occur within 120 days after commencement of the action.[3] By a plain reading of the rule, if service is not made within 120 days the case *shall* be dismissed, unless good cause can be shown for why service was not made within that period. The rule imposes the obligation on plaintiff's counsel to exercise reasonable diligence to effectuate service promptly. Super.R.Civ.P. 4 Committee Notes. If good cause cannot be shown, Rule 4(*l*) requires dismissal, allowing the motion justice no discretion to do

---

2. In this case the appeal was filed before judgment was entered. Judgment originally was entered on October 19, 2004. An amended judgment was signed on October 26, 2004. This Court previously has stated that in cases in which an appeal has been prematurely filed, it will "treat the appeal as if it had been timely filed after judgment was entered." *United Lending Corp. v. City of Providence*, 827 A.2d 626, 631 n. 9 (R.I.2003) (citing *Russell v. Kalian*, 414 A.2d 462, 464 (R.I.1980)).

3. Rule 4(*l*) of the Superior Court Rules of Civil Procedure entitled *"Summons: Time Limit for Service."* provides:

> "If a service of the summons and complaint is not made upon a defendant within 120 days after the commencement of the action and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion."

anything other than to dismiss the case without prejudice. In our review of the proper application of Rule 4(*l*), we reach the same conclusion as the second motion justice—unless plaintiff can show good cause, his complaint must be dismissed for failing to make service within 120 days.

The plaintiff contends, however, that the motion justice abused his discretion by not finding good cause. He argues that he made "reasonable, and diligent efforts to serve" defendants under the circumstances. He further avers that he did not "sleep on his rights," nor have defendants alleged that they somehow were prejudiced by the delay. The plaintiff also ascribes reversible error to the fact that the second motion justice did not even consider the possibility that defendants purposely were avoiding service, having received an "early warning" of the lawsuit through their insurance agent.

The plaintiff misconceives the effect of Rule 4(*l*). Rule 4(*l*) places the onus of showing good cause why service was not timely made squarely on "the party on whose behalf such service was required * * *." The defending party need not show any prejudice to be entitled to the benefits of a dismissal under Rule 4(*l*). *Norcliffe v. Resnick*, 694 A.2d 1210, 1211 (R.I.1997). Moreover, we reject the notion that the mere return of certified mail marked "unclaimed" suggests that the addressee was evading service. There may be many reasons why a potential defendant is unable to claim a certified letter. The burden is on plaintiff to show good cause; simply raising a possibility is not sufficient.

The plaintiff also faults the second motion justice for failing to find explicitly that good cause had not been shown. Although it is true that the motion justice did not articulate that plaintiff had not shown

good cause, it is clear from the transcript that he properly considered plaintiff's efforts, or lack thereof, to effectuate service. On two occasions he asked plaintiff's counsel "so what's the good cause?" and "what's the good cause why such service was not made within 120 days?" In making his ruling, the second motion justice said: "Here's what I find unreasonable." He then elaborated that suit was filed in October, but service was not attempted until January. The second motion justice noted that service of process "was not refused but unclaimed and returned," and that it would have been possible for plaintiff under the rules to come back to court and ask for more time. *See, e.g.*, Rule 6(b). We agree with the second motion justice's analysis and are satisfied that he did not abuse his discretion by dismissing the action because, in his judgment, plaintiff had failed to demonstrate good cause.

### Law of the Case

Turning to plaintiff's second argument on appeal, we find that the law of the case doctrine does not apply in this case. This Court adopted the law of the case doctrine in *Payne v. Superior Court for Providence County*, 78 R.I. 177, 80 A.2d 159 (1951). The law of the case doctrine says that " 'ordinarily, after a judge has decided an interlocutory matter in a pending suit, a second judge, confronted at a later stage of the suit with the same question in the identical matter, should refrain from disturbing the first ruling.' " *Paolella v. Radiologic Leasing Associates*, 769 A.2d 596, 599 (R.I.2001) (quoting *Commercial Union Insurance Co. v. Pelchat*, 727 A.2d 676, 683 (R.I. 1999)). This doctrine is a rule of policy and convenience. *Goodman v. Turner*, 512 A.2d 861, 864 (R.I.1986); *North American Planning Corp. v. Guido*, 110 R.I. 22, 24, 289 A.2d 423, 424 (1972). "Nevertheless it is one that generally ought to be

adhered to for the principal reason that it is designed to promote the stability of decisions of judges of the same court and to avoid unseemly contests and differences that otherwise might arise among them to the detriment of public confidence in the judicial function." *Payne*, 78 R.I. at 184–85, 80 A.2d at 163.

In this case, however, the law of the case doctrine does not apply for the following reasons. The first motion justice never made a ruling at the hearing on October 21, 2002; rather, he simply continued the defendants' motion to dismiss to December 16, 2002. Therefore, the motion was neither granted nor denied. The use of the term "continue" clearly indicates postponement of a decision, not that a decision has been made. Furthermore, we decline to imbue the first motion justice's exhortation "do what you have to do" with any legal significance. As the second motion justice aptly observed, the "ruling isn't clear."

Lastly, and most significantly, the purported "ruling" of the first motion justice, whatever it may have been, never was reduced to writing and entered in the record. Presumably, any misunderstanding could have been addressed had a written order been presented to the first motion justice for his signature. Consequently, no law of the case was established after the hearing before the first motion justice on October 21, 2002, and, therefore, the law of the case doctrine does not apply in this situation.

For the reasons stated herein, we affirm the judgment of the Superior Court, to which we return the papers in the case.